CRUZ JOSEFA FEBRES DE MIRANDA, demandante y recurrida, *v.* JOSÉ ROBERTO FEIJÓO, DIRECTOR OFICINA CENTRAL DE ADMINISTRACIÓN DE PERSONAL, demandado y peticionario.

*Número:* O-77-412     *Resuelto:* 12 de enero de 1978

*José Ramón Pérez Hernández,* abogado del peticionario; *Miguel A. Velázquez Rivera* y *Carmen Rita Vélez Borrás,* abogados de la recurrida.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

La recurrida estuvo empleada en el Gobierno como Abogada V a cargo de la División de Asuntos Legales de la Oficina Central de Administración de Personal hasta el 28 de febrero de 1977 en que fue despedida. Bajo la alegación de ser una empleada de carrera despedida por razón de sus ideas políticas, presentó el 10 de marzo de 1977 un escrito de apelación ante la Junta de Apelaciones del Sistema de Administración de Personal, y el 29 del mismo mes presentó, ante el Tribunal Superior, Sala de San Juan, solicitud de *injunction*

a tenor de la Ley de Derechos Civiles de Puerto Rico (Ley Núm. 12 de 8 de agosto de 1974—32 L.P.R.A. sec. 3524) aduciendo igual razón de pedir. El Director de Personal demandado contestó levantando como defensas, entre otras, que la demandante era una empleada de confianza que intervenía en la formulación de normas y política pública (¹) de la agencia; y que no podía mantenerse la acción simultáneamente en

(¹) Al llenar su hoja de Clasificación y Evaluación de Puesto el 10 de abril de 1975, la recurrida Lcda. Febres de Miranda hizo constar lo siguiente:

"A pesar de que ocupo el puesto de Abogado V que corresponde al Jefe de la División Legal del Sistema de Retiro, las funciones que actualmente realizo corresponden al puesto de Jefe de la División Legal de la Oficina de Personal y en tal capacidad ejerzo las siguientes funciones:

1. Dirigir, planificar, coordinar y supervisar el trabajo que se realiza en la División Legal de la Oficina de Personal.

2. Asesorar a la Directora de la Oficina de Personal en la interpretación legal de las leyes aplicables a la administración de personal en el servicio público.

3. Asesorar a las agencias comprendidas en los Servicios sin y por Oposición en la interpretación y aplicación de las leyes aplicables a la administración de personal en dichos servicios.

4. Representar a la Directora de Personal ante las Cámaras Legislativas, ante la Junta de Personal y ante cualquier otro organismo gubernamental que se requiera.

5. Someter ante la consideración de la Directora de Personal:

   a) Anteproyecto de ley auspiciados por la Oficina de Personal con los correspondientes memoriales explicativos.

   b) El análisis, estudio y comentarios en cuanto a la posición de la Oficina de Personal sobre proyectos de ley sometidos ante la consideración de la Oficina de Personal por la Oficina del Gobernador y las Cámaras Legislativas.

   c) Recomendaciones y formulación de las normas y reglamentos que sean necesarios para regular la aplicación de las leyes relacionadas con la administración de personal en el servicio público.

   d) El análisis, estudio y recomendaciones sobre reglamentos de personal de agencias exentas sometidos ante la consideración de la Oficina de Personal para ser sometidos a su vez ante la Oficina del Gobernador.

   e) El análisis, estudio y recomendaciones pertinentes sobre los casos que refiere la Junta de Personal a la Oficina de Personal.

6. Coordinar y supervisar los esfuerzos que se realicen en el acopio y clasificación de todas las normas establecidas por la Oficina de Personal mediante memorandos, circulares, contestación a consultas sometidas por las diferentes agencias y por otros medios, a los fines de mantener al día dichas normas."

la Junta de Apelaciones y en el Tribunal Superior. El 19 de agosto de 1977 la Junta desestimó la apelación y la demandante recurrió en revisión ante el Tribunal Superior, según autoriza el Art. 7.16 (3 L.P.R.A. sec. 1396) de la Ley de Personal, por lo que el caso se halla ante el tribunal en jurisdicción bifurcada de primera instancia y revisión administrativa. El tribunal denegó la moción para desestimar la solicitud de *injunction* del Director de Personal y al recurrir éste en *certiorari*, el 1° de diciembre de 1977, expedimos la siguiente orden:

"Vista la solicitud de certiorari, memorando y documentos anejos, se concede a la parte demandante recurrida un término de quince (15) días para que comparezca por escrito a mostrar causa, si la hubiere, por la cual no deba desestimarse su acción judicial interpuesta conforme nuestra decisión en *Otero Martínez, et als.* v. *Romero Barceló, etc.*, res. en 30 de noviembre de 1977."

Detenida nuestra atención en el hecho de hallarse el pleito sometido para una decisión, luego de vista en los méritos que ocupó los días 6, 23 y 24 de mayo de 1977, y tratándose de un *injunction* al amparo de la Ley de Derechos Civiles de Puerto Rico en el que se reclama protección de los derechos de una empleada pública que alega haber sido despedida por motivos políticos, consideramos que en dicha avanzada etapa del procedimiento debía permitirse la final adjudicación por sentencia del Tribunal Superior, en observancia de la norma que restringe severamente la apelación interlocutoria, el 15 de diciembre de 1977 dictamos resolución de no ha lugar al *certiorari*. El recurrente Director de la Oficina Central de Administración de Personal ha solicitado reconsideración en moción bien fundada que nos mueve hacia la posición intimada en nuestra orden para mostrar causa.

# I

*La doctrina de jurisdicción primaria y agotamiento de remedio.*

En los alegatos de este caso, como en los de *Otero Martínez* v. *Gobernador*, 106 D.P.R. 552 (1977) y casos similares ha habido considerable argumento avivado por nuestra expresión en *Otero Martínez* al efecto de que disponiendo la Ley de Personal del Servicio Público en su Art. 7.14 (3 L.P.R.A. sec. 1394) que las acciones promovidas por empleados relacionadas con áreas esenciales del principio de mérito serán vistas *en primera instancia* por la Junta de Apelaciones del Sistema de Personal, la jurisdicción primaria en este tipo de reclamaciones reside en la referida Junta. Dicho pronunciamiento no tiene más consecuencia que sostener la premisa fundamental de que nadie tiene derecho a auxilio judicial por un daño supuesto o inminente hasta haber agotado el remedio administrativo prescrito, (²) y que al evaluar el recurso a los tribunales de justicia contra los actos de organismos o funcionarios administrativos en los casos en que el estatuto provee una apelación dentro de la vía administrativa, debe distinguirse entre cuestiones de interpretación estatutaria en que los tribunales son especialistas, y cuestiones propias para la discreción o pericia (*expertise*) administrativa. *McKart* v. *United States*, 395 U.S. 185, 193–4 (1969). En *Otero Martínez*, supra, sostuvimos esencialmente que el *injunction* de la Ley de Derechos Civiles de Puerto Rico (32 L.P.R.A. sec. 3524) no abolió el procedimiento de apelación y revisión de decisiones en la esfera administrativa, y podemos añadir que no se justifica leer en dicho *per curiam* una total reforma de la doctrina prevaleciente en Puerto Rico y que en situaciones apropiadas permite el uso de otros instrumentos procesales como la sentencia declaratoria, el *mandamus*, el *certiorari* y el *habeas corpus* para cuestionar e impugnar una decisión administrativa. *Vda. de Iturregui* v. *E.L.A.*, 99 D.P.R. 488, 491–2 (1970); *González Saldaña* v. *Tribunal Superior*, 92 D.P.R. 477 (1965) a cuya pág. 487 se dice

---

(²)*Myers* v. *Bethlehem Shipbuilding Corp.* 303 U.S. 41, 50–51 (1938).

que ". . . la norma [de preferir el agotamiento de la acción administrativa] es una de conveniencia compatible con la justicia, y no posee inflexibilidad tal que lleve a la frustración de un derecho o a la negación de un remedio." Esa latitud y variedad remedial debe ser reconocida especialmente cuando el estatuto, como en el presente caso, no inviste con carácter de *exclusivo* el método legislado para someter la actuación administrativa al escrutinio judicial. *Cf. Asoc. de Distribuidores* v. *Admón. Estabilización*, 81 D.P.R. 212, 220 (1959).

■■■ El status de empleada de la recurrida no es una abstracción. Su definición requería la estimación de su historial de servicio público, la clase de funciones que realizaba, forma en que le afectaron los informes de cambio, planes de puestos de confianza, el estudio sobre clasificación y evaluación de los puestos por ella ocupados, las cartas normativas del Director de la Oficina Central de la Administración de Personal y la opinión del Secretario de Justicia de 7 de febrero de 1977. Esta es materia propia de determinaciones factuales que se benefician del conocimiento íntimo y especializado que de ella tiene la Junta de Apelaciones.[3] La jurisdicción primaria[4] se aplica en casos de los que puede conocer originalmente el tribunal, y entra en juego cuando la adjudicación de la reclamación exige una decisión sobre cuestiones, que bajo un esquema regulativo, han sido asignadas a la especial competencia de un organismo administrativo. De hecho transfiere del tribunal a la agencia la facultad de de-

---

[3] Así lo corrobora la conducta de la recurrida quien acudió en primera instancia ante la Junta de Apelaciones de OCAP y presentó extensa prueba documental y testifical y convino en estipulaciones de hechos.

[4] El tratadista Davis reconoce que la doctrina de jurisdicción primaria está tan estrechamente vinculada a la que requiere agotamiento de remedio administrativo que los tribunales las usan indistintamente. *Administrative Law*, Sec. 20.03 pág. 67. Así ha ocurrido con los términos "caducidad y prescripción"; "jurisdicción y competencia"; "requisito de cumplimiento estricto y requisito jurisdicional" y otros.

terminar algunos aspectos de la reclamación. *United States* v. *Western P.R. Co.*, 352 U.S. 59, 63–64 (1956). Los hechos de *Otero Martínez*, supra, resisten su aprisionamiento en la fórmula precisa de uno u otro remedio, mas en todo caso demandaban su presentación para decisión en primera instancia por la Junta de Apelaciones, toda vez que planteaban un envolvimiento de conocimiento administrativo especializado en la cuestión jurisdiccional. Davis, *Administrative Law*, Sec. 20.03, pág. 69. La autonomía administrativa es deseable especialmente en los casos que requieren discreción o especialidad (*expertise*) administrativa. *Op. cit.* Sec. 20.01, págs. 642–3 (Supto. 1970). *McKart* v. *United States*, supra.

## II

*La dualidad de remedio.*

Tanto la doctrina de jurisdicción primaria, como la regla que exige el agotamiento de remedios administrativos están dirigidas a promover una relación propia y armónica entre los tribunales y las agencias encargadas de administrar particulares disposiciones regulativas. *United States* v. *Western P.R. Co.* supra. Informado el tribunal de la pendencia del recurso administrativo, debió detener la acción judicial, y conocida la decisión de la Junta de Apelaciones procedía desestimar la solicitud de *injunction*, (5) no sólo porque es impermisible una pugna entre el foro judicial y el administrativo, resultante de la doble gestión de la demandante, sino también porque la determinación de hechos por la Junta de Apelaciones hacía innecesaria una segunda vista evidenciaria ante el Tribunal. *Cf. United States* v. *Utah Construction & Mining Co.*, 384 U.S. 394, 421–423 (1966).

La ilustrada representación de la recurrida nos pide que excluyamos de la desestimación su acción personal por

---

(5) Así lo admite con ejemplar franqueza profesional la recurrida a la pág. 6 de su escrito contestando la orden para mostrar causa.

daños y perjuicios contra el Director de Personal predicada en la violación de sus derechos constitucionales de libre asociación y expresión de ideas políticas, al separarla de su cargo. No estimamos que deba mantenerse la reclamación de daños ligada inextricablemente a la actuación oficial del demandado, en ausencia de alegación de arbitrariedad o abuso de poder y tomando en cuenta todas las circunstancias del caso. Ellos nos releva de considerar el efecto paralizante, si alguno, de la regla de elección de remedios (*Gandía* v. *Stubbe*, 34 D.P.R. 858, 867 (1926)) sobre la acción reparadora de daño por discrimen político.

*La resolución del Tribunal Superior, Sala de San Juan (11 Oct. 1977) será anulada.*

El Juez Presidente Señor Trías Monge disintió sin opinión. El Juez Asociado Señor Rigau no intervino.