# 95 DTA 97

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN
PANEL IV**

HUGO M. ALVAREZ
Recurrido

v.

UNIVERSIDAD DE PUERTO RICO
Peticionarios

Núm. KLCE-95-00095

San Juan, Puerto Rico, a 2 de mayo de 1995

Panel integrado por su presidente, la Juez Alfonso de Cumpiano
y los jueces Broco Oliveras y Miranda De Hostos

Broco Oliveras, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

En el presente recurso la Universidad de Puerto Rico y otros (los Demandados-Peticionarios) comparecen por vía de *Certiorari* y solicitan revisión de una resolución del Tribunal de Primera Instancia, Sala Superior de San Juan. En la resolución recurrida el Tribunal de Instancia deniega una Solicitud de Sentencia Sumaria y/o Desestimación; le ordena al demandante radicar una demanda enmendada exponiendo hechos

que justifiquen la concesión de un remedio sobre daños y perjuicios; que detalle las partidas en concepto de daños especiales y sobre el descubrimiento de prueba ordena el cumplimiento con el plan de trabajo previamente establecido.

Los peticionarios hacen cuatro señalamientos de error:

*"1. Erró el Tribunal al no abstenerse de asumir jurisdicción en este caso por la deferencia que merece la Academia.*

*2. Erró el Tribunal al no exigir el agotamiento de las Estructuras Académicas Universitarias antes de asumir jurisdicción.*

*3. Erró el Tribunal al entender que existían en la demanda expresiones de hechos que configuren discrimen y luego ordenar que se radique una demanda enmendada.*

*4. Erró el Tribunal al resolver de forma utópica un Plan de Trabajo para Descubrimiento de Prueba que el demandante se ha negado a acatar en múltiples ocasiones y además erra Instancia cuando pretende eliminar el descubrimiento a que tenemos derecho sin concedernos una orden al amparo de la Regla 23.1 de las de Procedimiento Civil vigentes."*

## I

En cuanto al primer planteamiento de error, no tienen razón los peticionarios. En situaciones como la que está ante nuestra consideración, no son los foros administrativos los llamados a ejercer jurisdicción original. Es cierto que las instituciones educativas tienen el derecho y la prerrogativa de establecer sus propias normas como lo son los criterios de admisión y evaluación de estudiantes. *Regents of University of Michigan v. Edwing,* 106 S. Ct. 507 (1985). ▮ Asimismo, los Tribunales han reconocido una gran discreción en las instituciones post secundarias en la formulación y aplicación de dichas normas, así como en la resolución de problemas internos. Si bien es cierto que la interpretación de la agencia encargada de la administración de un estatuto merece deferencia sustancial (énfasis suplido), se trata aquí de la vindicación de derechos constitucionales para lo que no es necesario el ejercicio de pericia administrativa▮ La acción del recurrido se basa en alegaciones de que se le violaron sus derechos constitucionales y se incumplió el contrato existente entre él y la Universidad y en el reclamo de los daños y perjuicios sufridos por las actuaciones de los demandados.

En Febres v. Feijóo, 106 D.P.R. 676, 682 (1978), el Tribunal Supremo expresó:

*"La jurisdicción primaria se aplica en casos de los que puede conocer originalmente el tribunal, y entra en juego cuando la adjudicación de la reclamación exige una decisión sobre cuestiones, que bajo un esquema regulativo, han sido asignadas a la especial competencia de un organismo administrativo. De hecho transfiere del tribunal a la agencia la facultad de determinar algunos aspectos de la reclamación. United States v. Western P.R. Co., 352 U.S. 59, 63-64 (1956)".*

Citando el mismo caso el Tribunal Supremo expresó, que la autonomía administrativa es deseable especialmente en los casos que requieren discreción o especialidad administrativa. Tanto la doctrina de jurisdicción primaria como la exigencia de agotar los remedios administrativos están dirigidas a promover una relación propia y armónica entre los tribunales y las agencias encargadas de administrar particulares disposiciones regulativas. Debe distinguirse entre cuestiones de interpretación estatutaria en que los tribunales son especialistas, y cuestiones propias para la discreción o pericia administrativa. *Febres v. Feijóo, supra, Adorno Quiles v. Angel Hernández,* ___ D.P.R. ___ (1990), **90 J.T.S. 54.** Los foros administrativos no tienen jurisdicción original sobre la reivindicación de derechos

constitucionales, por lo que puede reclamarse en primera instancia en los tribunales de justicia. *Santiago v. Superintendente de la Policía,* 112 D.P.R. 205, 207 (1982). Al evaluar la jurisdicción de las agencias, el tribunal considera si de las alegaciones de la demanda en unión a los hechos del caso es suficiente para exponer una probable violación de derechos constitucionales. Otra razón para omitir el trámite administrativo lo es que la agencia claramente carezca de jurisdicción y la posposición conlleve un daño irreparable al afectado, o el asunto sea uno estrictamente de derecho que no requiera unos conocimientos especializados de la agencia administrativa. *Adorno Quiles v. Angel Hernández,* ___ D.P.R ___ (1990), **90 J.T.S. 54.**

## II

En cuanto al segundo planteamiento de error, tampoco tienen razón los peticionarios. Solicitaron que el Tribunal exigiera que se agotaran los remedios provistos por las estructuras académicas universitarias antes de asumir jurisdicción. Los principios que gobiernan el momento en que está disponible un remedio judicial, cuando también está a su alcance el cauce administrativo, son dos: la doctrina de jurisdicción primaria y la de agotamiento de los remedios administrativos. *"La doctrina de jurisdicción primaria a su vez, tiene dos vertientes, a saber, la jurisdicción primaria exclusiva y la jurisdicción primaria concurrente. En la primera la ley dispone que el organismo será el único que tendrá jurisdicción inicial para examinar la reclamación"* (cita omitida). *Colón Ventura y otros v. Méndez y otros,* ___ D.P.R. ___ (1992), **92 J.T.S. 51**. En la segunda, la ley permite que la reclamación se inicie en el foro administrativo o en el judicial.

A diferencia de la jurisdicción primaria la doctrina de agotamiento de remedios administrativos opera en una etapa posterior del procedimiento ante la agencia. Existen circunstancias que justifican preterir el foro administrativo. Por ejemplo: cuando lo presentado es una cuestión de derecho que no requiere el ejercicio de discreción administrativa; hay una violación a los derechos civiles; el remedio administrativo es inútil e inadecuado; existe peligro de daño inminente; o hay una clara ausencia de jurisdicción. *Colón Ventura y otros v. Méndez y otros,* ___ D.P.R.___ (1992), **92 J.T.S. 51.**

Los peticionarios al discutir este planteamiento de error admiten que en la demanda se alegan daños pecuniarios, los cuales se subsanarían en un futuro luego del agotamiento de los remedios administrativos. Siendo ello así, no se justifica que el Tribunal decline ejercer su jurisdicción para luego tener que entrar a adjudicar los daños que se causaron al recurrido a consecuencia de las actuaciones de los demandados. Sobre todo cuando se plantean asuntos que son de la competencia de los tribunales y no de las agencias.

## III

El tercer planteamiento de error cuestiona la determinación del tribunal sobre la existencia en la demanda de hechos que configuren discrimen y su posterior orden de que se radique una demanda enmendada.

Se basa su alegación en que las alegaciones de la demanda son sólo conclusiones y no detallan en qué consiste el alegado discrimen. Razón por la que solicitan que se desestime la demanda por no contener alegaciones que justifiquen la concesión de un remedio.

En el presente caso el tribunal de instancia ordenó la radicación de una demanda enmendada que expusiera hechos que justificaran la concesión de un remedio sobre la causa de acción de daños y perjuicios. El tribunal de instancia en la resolución recurrida intima que el recurrido puede tener una reclamación válida pero que la misma no ha sido adecuadamente plasmada en la demanda. Las Reglas de Procedimiento Civil conceden al tribunal la autoridad para conceder permiso para enmendar las alegaciones liberalmente, aún en etapas avanzadas de los procedimientos. Este tribunal no intervendrá con las determinaciones del foro de

instancia ya que nada hay en el expediente que nos haga concluir que el tribunal de primera instancia abusara de su discreción al ordenar las enmiendas señaladas. Además, sería prematuro adjudicar la procedencia de las mociones dispositivas de los peticionarios antes de la radicación de la demanda enmendada que fuera ordenada.

## IV

En el señalamiento de error número 4 sobre descubrimiento de prueba, los peticionarios expresan haber llevado a cabo numerosas gestiones para obtener información y deponer al recurrido sin haber logrado su propósito. Los peticionarios plantean además su preocupación de que se les prive de su derecho a continuar con el descubrimiento de prueba pautado. Se basan en la parte de la orden que expresa que lo pautado y no realizado se tendrá por renunciado. Alegan que sería injusto que se le privara de su derecho a descubrimiento de prueba a pesar de haber sido diligentes, mientras que se premiaría al recurrido por su falta de diligencia.

Examinados los autos, consideramos que no sería prudente intervenir con la discreción del Tribunal de Instancia en sus actuaciones dirigidas a reglamentar el descubrimiento de prueba. En primer lugar, la orden aludida en el párrafo anterior es un apercibimiento dirigido a compeler a las partes a cumplir con lo ordenado. No se ha dictado aún ninguna orden que despoje a los peticionarios de sus derechos. En segundo lugar, debe dirigirse al Tribunal de Instancia cualquier planteamiento en el sentido de que no se puede privar a una parte que ha sido diligente de su derecho a descubrir prueba cuando el fracaso del proceso se deba alegadamente a causas imputables a la parte contraria.

Un análisis de los errores planteados por los peticionarios no nos convence de que debamos dejar sin efecto la resolución recurrida y ordenar la desestimación de la demanda. *"Las Reglas de Procedimiento Civil se inspiran armoniosamente en tres valores fundamentales de justicia, rapidez y economía, enmarcados en la norma de buena fe que debe permear la tramitación de toda causa de acción. Para que ello se logre se requiere un enfoque integral, pragmático y creativo de nuesto ordenamiento procesal y sustantivo que con voluntad, sinceridad y acción, le dé vida a dichos valores y los convierta en vivencias y realidades cotidianas, atendiendo así las altas expectativas de nuestro contorno social".* Neptune Packing Corp. v. Wackenhut Corp. 120 D.P.R. 283 (1988).

El Tribunal Supremo se ha expresado a favor de que los casos se vean en los méritos. *PFZ Properties, Inc. v. General Accident Insurance Company,___ D.P.R. ___ (1994),* **94 J.T.S. 116.** En apoyo de lo cual ha expresado que al desestimar una demanda a base de las Reglas de Procedimiento Civil, debe considerarse la política judicial de que los casos se vean en sus méritos. *Rivera Santana v. Superior Packing.* ___ D.P.R. ___ (1992), **92 J.T.S. 165,** pág. 10163. No erró el Tribunal de Primera Instancia al ordenar las enmiendas a la demanda de las que se recurre. Tampoco ha cometido error en sus órdenes sobre descubrimiento de prueba.

En mérito de todo lo anterior, se deniega el recurso solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 97

**1.** Véase también a estos efectos: *Junta v. Escuela Cooperativa,* 107 D.P.R. (1978).

**2.** *Cándido Vázquez v. A.R.P.E.,* **91 J.T.S. 53.**