González Rivera, Juez Ponente
*819 TEXTO COMPLETO DE LA SENTENCIA
El apelante Jaime Morales Sanabria, guardia municipal en Caguas, su esposa Brenda Cotto y la sociedad de gananciales compuesta por ambos, nos solicitan mediante recurso de apelación, la revisión de una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Caguas, mediante la cual se desestimó una demanda de injunction y daños y perjuicios por no haberse agotado los remedios administrativos.
I
El 14 de mayo de 1996, los apelantes presentaron demanda judicial contra el Municipio de Caguas, su alcalde y otros funcionarios. Alegaron que el demandante, Morales Sanabria, era víctima de una campaña de difamación, persecusión maliciosa, hostigamiento y violación de sus derechos civiles. Que le habían radicado múltiples y continuas querellas administrativas, denuncias criminales y se habían tomado medidas disciplinarias en su contra de manera maliciosa y arbitraria.
Los apelados presentaron moción, en la cual solicitaron la desestimación de la demanda bajo el fundamento de que el tribunal carecía de jurisdicción. Adujeron que la decisión del alcalde de suspenderlo sumariamente de empleo fue apelada ante la Junta de Apelaciones del Sistema de Administración de Personal (J.A.S.A.P.), que al momento de la radicación de la demanda la apelación se encontraba pendiente ante dicho foro administrativo, por lo que los apelantes no habían agotado los remedios administrativos dispuestos en la Ley de Personal, 3 L.P.R.A. 1342 (2) la que concedió jurisdicción primaria a J.A.S.A.P. para revisar las acciones o decisiones de los administradores individuales en los casos de destitución o supervisión de empleo y sueldo a un empleado de carrera... o cuando alegue que una acción o decisión que le afectó, viola cualquiera de sus derechos, 3 L.P.R.A. 394 (1).
Los apelantes presentaron su oposición a la desestimación de la demanda, alegaron que no tenían que agotar los remedios administrativos, pues las actuaciones de los apelados violaron sus derechos civiles. Que la Ley de Procedimiento Administrativo Uniforme, 3 LPRA see. 2173, por excepción permite su causa de acción cuando se trata de violación de derechos civiles.
El tribunal de instancia, mediante la sentencia apelada, desestimó la demanda por no haberse agotado los remedios administrativos.
Considerados los planteamientos de las partes, los documentos sometidos y el derecho aplicable, determinamos que no tienen razón los apelantes.
II
En Puerto Rico se adoptó jurisprudencialmente la doctrina que exige el agotar los remedios administrativos. Véase Febres v. Feijoó, 106 D.P.R. 676 (1978). La misma postula que no se tiene derecho a invocar un remedio judicial contra una actuación administrativa hasta tanto se haya agotado en la agencia el remedio administrativo prescrito por ley. Al aprobarse la Ley de Procedimiento Administrativo Uniforme, se incluyó la sección 2172 que exige como requisito previo a la radicación de un recurso de revisión judicial que se hayan agotado los remedios administrativos provistos por la agencia o por el organismo apelativo correspondiente. Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A., sec. 2172 (Supl. 1996).
"El propósito de establecer el momento idóneo en el cual el proceso judicial debe intervenir en una controversia sometida previamente a la esfera administrativa". Colón Ventura v. Méndez, 131 D.P.R., _ (1992), 92 J.T.S. 51, a la pág. 9451. Además, con ello se le otorga a la agencia la oportunidad para que rectifique sus errores. Delgado Rodríguez v. Nazario de Ferrer, 121 D.P.R. 347, 355 (1988). Por tanto, dicha doctrina evita una intervención judicial a destiempo, que interfiera con el desarrollo normal del proceso administrativo. Guadalupe v. Saldaña, 134 D.P.R. _ (1993), 93 J.T.S. 51, a las págs. 10575-76; Delgado Rodríguez v. Nazario de Ferrer, supra, a la pág. 355.
Sabido es que, al amparo de la doctrina de jurisdicción primaria, "la autonomía administrativa es deseable especialmente en los casos que requieren discreción o especialidad (expertise) administrativa". Febres v. Feijoó, supra, a la pág. 681.
*820 Es preciso señalar que, en ausencia de las excepciones reconocidas, los tribunales carecerán de jurisdicción mientras no se agoten los remedios administrativos. Delgado Rodríguez v. Nazario de Ferrer, supra, a la pág. 355.
En relación a esta situación, y en lo concerniente a la controversia ante nos, el Tribunal Supremo de Puerto Rico ha expresado que J.A.S.A.P. tiene jurisdicción primaria para ventilar casos relacionados con las áreas esenciales al principio de mérito y es menester acudir a ella antes de recurrir al foro judicial. Delgado Rodríguez v. Nazario de Ferrer, supra.
Sin embargo, la doctrina de agotamiento de los remedios administrativos tiene excepciones. Existen circunstancias que justifican la preterición del cause administrativo. Así, por ejemplo, se ha establecido que no será necesario agotar los remedios administrativos cuando existe una violación a los derechos civiles que reclama pronta reivindicación. Colón Ventura v. Méndez, supra, a la pág. 9451; Delgado Rodríguez v. Nazario de Ferrer, supra, a las págs. 356-57; véase además, Ley de Procedimiento Administrativo Uniforme, supra, 3 L.P.R.A., sec. 2173. Ahora bien, se ha reconocido por el Tribunal Supremo de Puerto Rico que el mero hecho de invocar la violación de un derecho constitucional no es suficiente justificación para preterir el cauce administrativo, "es necesario que se demuestre la existencia de un agravio de patente intensidad que justifique desviarse del mencionado cauce". Guadalupe v. Saldańa, supra, a la pág. 10574 (citando & Mercado Vega v. Universidad de Puerto Rico, 128 D.P.R. _ (1991), 91 J.T.S. 41.
Consideremos los hechos de este caso a la luz de las normas antes indicadas.
III
Alegan los apelantes que no tenían necesidad de agotar los remedios administrativos, pues solicitaban la protección de sus derechos constitucionales.
No coincidimos con su contención. La mera alegación de la violación de un derecho constitucional no es suficiente justificación para que se active, por excepción, la preterición del cauce administrativo. Los apelantes no alegaron hechos específicos que demostraran la necesidad de una pronta reivindicación.
Por otro lado, la vista administrativa se llevó a cabo en el Municipio ante un oficial investigador. Esta se extendió por cuatro (4) sesiones. En todas ellas el apelante Morales Sanabria estuvo representado por abogado y tuvo amplia oportunidad de presentar prueba a su favor y contrainterrogar testigos. Posteriormente, apeló a J.A.S.A.P. El cauce administrativo se encontraba pendiente de vista pública ante dicho organismo al momento de presentar su apelación ante este Tribunal.
En conclusión, en vista de que los apelantes no alegaron hechos específicos que demuestren las razones que justifican la preterición del cauce administrativo; han puesto en marcha el proceso para revisar la decisión de suspenderlo sumariamente ante J.A.S.A.P. tienen a su alcance la pericia de dicha agencia para examinar y adjudicar la corrección de la acción tomada en su contra y ante la ausencia de una demostración de urgencia o daño inminente que exija pronta reivindicación, resolvemos que los apelantes tienen que agotar los remedios administrativos antes de recurrir al foro judicial.
IV
En virtud de todo lo anterior, se dicta sentencia confirmando la dictada por el tribunal de instancia.
Así lo acordó el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 98 DTA 34
1. Bajo la doctrina de jurisdicción primaria se le permite a las agencias administrativas resolver inicialmente las controversias, por contar las mismas con los conocimientos especializados.