*867 TEXTO COMPLETO DE LA SENTENCIA
En el presente recurso, el apelante solicitó la revisión de la Sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 8 de mayo de 2000, en el caso Edmeé Aguayo Reyes v. Sweet Ann Calces, et ais., Civil Número DPE-2000-0306, cuya copia de la notificación fue archivada en autos en esa misma fecha.
Por los fundamentos que expresamos a continuación, REVOCAMOS la Sentencia apelada.
I
Francisco Aguayo (Aguayo) construyó en la Avenida Comeno CC-28, Estancias de Rio Hondo en Bayamón, una estructura para ubicar su negocio de repostería conocido como Sweet Ann Cakes. Luego de construido el local, Aguayo sometió una solicitud de permiso de construcción ante la Oficina Regional de Bayamón de la Administración de Reglamentos y Permisos (ARPE).
El 17 de febrero de 1994, la Asociación de Residentes Estancias de Río Hondo III (Asociación), presentó ante ARPE una solicitud de investigación contra Aguayo. La misma fue desistida posteriormente mediante una comunicación de la Asociación con fecha del 8 de abril de 1994.
El 17 de abril de 1994, ARPE otorgó el permiso de construcción para el negocio de Aguayo. El 9 de noviembre siguiente, Aguayo solicitó y obtuvo el permiso de uso para establecer su negocio. Meses después, el 13 de febrero de 1995, dos vecinas del local y miembros de la Asociación, las señoras Edmeé Aguayo Reyes (Aguayo Reyes) y Ana I. Soto (Soto), le solicitaron a ARPE que revocara los permisos de constmcción y de uso otorgados a favor de Aguayo. Dicha solicitud fue acogida por ARPE como una reapertura de la querella instada y desistida previamente por la Asociación. En la nueva querella, Aguayo Reyes y Soto enumeraron las irregularidades e ilegalidades observadas por ellas en la construcción y operación del negocio de Aguayo. Además, añadieron que ARPE no debió haber accedido a archivar la querella de la Asociación ante todas las irregularidades que habían en el caso.
Luego de varios trámites que incluyeron vistas públicas y una inspección ocular, ARPE acogió la recomendación del oficial examinador y revocó el premiso otorgado a Aguayo. La decisión estuvo basada en varias violaciones a la ley, al Reglamento de Certificaciones de Proyectos de Construcción y al Reglamento de Ordenación Número 1 del Municipio de Bayamón. Tras infructuosa gestión de reconsideración, Aguayo apeló la decisión ante la Junta de Apelaciones sobre Construcciones y Lotificaciones (Junta). Dicho organismo resolvió la apelación a favor de Aguayo y utilizó como fundamento la falta de jurisdicción de ARPE. Según la Junta, ARPE no podía actuar sobre el permiso expedido, en vista de que la solicitud de revocación del mismo fue presentada, luego de haber sido transferidas las funciones de la Junta de Planificación y de ARPE al Municipio de Bayamón. Dicha transferencia tuvo lugar mediante convenio de 9 de marzo de 1994 entre el Gobierno de Puerto Rico y el municipio antes mencionado. El mismo dispuso en su inciso (c), cláusula (4), lo siguiente:

"La Junta de Planificación y la Administración de Reglamentos y Permisos estarán obligadas a resolver en 
*868
un plazo de tiempo razonable, las consultas, solicitudes de permiso de uso, construcción y cualquier otra solicitud competente en su jurisdicción radicada en o antes del jueves 31 de marzo de 1994, y mantendrán jurisdicción sobre estos casos hasta que recaiga una determinación final. El Municipio [de Bayamón] recibirá todas las solicitudes nuevas efectivo el lunes 4 de abril de 1994, referirá a la Junta de Planificación y la Administración de Reglamentos y Permisos aquellas solicitudes referentes a las facultades retenidas y no transferidas al Municipio sobre ordenación territorial y procesará aquéllas que le son transferidas en virtud de este Convenio."

El 24 de abril de 1998, Aguayo Reyes presentó una "Solicitud de Revisión" ante el Tribunal de Circuito de Apelaciones. Aguayo, por su parte, presentó su oposición a la expedición del auto de revisión, el 7 de julio de 1998. Este Tribunal, a su vez, emitió sentencia en la que revocó la decisión de la Junta, el 30 de septiembre de 1998. En la misma, el tribunal determino que los permisos otorgados por ARPE, eran nulos, ya que ésta última los otorgó sin jurisdicción y que la jurisdicción para otorgar el permiso recaía sobre la Oficina de Permisos del Municipio de Bayamón (Oficina de Permisos). No conforme con esta decisión, Aguayo presentó una "Petición de Certiorari” ante el Tribunal Supremo, la cual fue declarada No Ha Lugar.
El 5 de enero de 1999, Aguayo presentó ante la Oficina de Permisos una nueva solicitud para obtener los permisos correspondientes para operar su negocio. Aguayo Reyes, a su vez, solicitó intervenir en los procedimientos ante dicha oficina. Posteriormente, la Oficina de Permisos emitió una resolución en la que declaró que no tenía jurisdicción y elevó el expediente ante la consideración de ARPE para que evaluara la solicitud de Aguayo. ARPE, por su parte, expidió un aviso de prensa para la celebración de vistas públicas a comenzar el 20 de enero de 2000. La continuación de los procedimientos fue programada para el 26 de mayo de
Mientras tanto, Aguayo Reyes presentó ante el tribunal de instancia una "Petición de Injunction y Sentencia Declaratoria", el 14 de abril de 2000. Dicha solicitud fue sometida al amparo de la Ley de Injunctions, 32 L.P. R.A. Sección 3521 et seq., y de la Regla 56 de las de Procedimiento Civil, 32 L.P.R.A. Apéndice III, Regla 56. No obstante, el foro recurrido acogió la petición como una al amparo del Artículo 28 de la Ley Orgánica de ARPE, Número 76 de 24 de junio de 1975, según enmendada, 23 L.P.R.A. Sección 72 (Ley Número 76). Sin embargo, el mismo día de la vista determinó que lo que realmente procedía era la ejecución de la sentencia emitida por este Tribunal, el 30 de septiembre de 1998. En vista dfe lo anterior, el foro de instancia ordenó el cese y desista de las operaciones de Sweet Ann Cakes, no más tarde de 24 horas de haber sido notificado Aguayo con copia de la determinación.
Ante la orden de cierre de su negocio, Aguayo presentó una moción urgente de auxilio de jurisdicción ante este Tribunal, el 12 de mayo de 2000. En la misma solicitó que fuera emitida una orden que paralizara los efectos de la resolución del tribunal de instancia. Este Tribunal emitió la orden solicitada mediante resolución con fecha del 12 de mayo de 2000. Ese mismo día, Aguayo presentó ante este Tribunal, el recurso de apelación ante nuestra consideración. En el mismo, éste alegó la comisión de los siguientes errores por el foro a quo:

“(a) Erró el tribunal de instancia al acoger la petición de injunction de Aguayo Reyes, a pesar de que ésta carecía de legitimación activa para someter la misma.

(b) Erró eZ tribunal de instancia al no aplicar la doctrina del agotamiento de los remedios administrativos y ordenar el cierre del negocio Sweet Ann Cakes, a pesar de que está pendiente ante ARPE un procedimiento para obtener los permisos correspondientes.

(c) Erró el tribunal de instancia al acoger la petición de Aguayo Reyes, presentada al amparo de las Reglas de Procedimiento Civil, supra, como un injunction bajo el Artículo 28 de la Ley 76, supra, y, posteriormente, como una ejecución de sentencia. ”

Luego de examinar la totalidad del expediente, este Tribunal está en posición de resolver. Veamos.
*869 II
El examen de la legitimación activa es un mecanismo utilizado por los tribunales para delimitar su propia jurisdicción sin penetrar en los dominios de otras ramas de gobierno y evitar resolver cuestiones hipotéticas o planteadas dentro de un contexto inadecuado Hernández Torres vs. Hernández Colón, 131 D.P.R. 593, 598 (1992).
Por otro lado, el principio de justiciabilidad nos impone el deber de examinar si las partes que pretenden un remedio judicial poseen legitimación activa. De esa forma nos aseguramos que el promovente de la acción es uno cuyo interés es de tal índole que, con toda probabilidad, habra de traer a la atención del tribunal las cuestiones en controversia. Id., a la página 599.
El promovente de la acción deberá cumplir, además, con los siguientes requisitos: (1) que ha sufrido un daño claro y palpable; (2) que el daño es real, inmediato y preciso y no uno abstracto o hipotético; (3) que la causa de acción surja bajo el palio de la Constitución o de una ley; (4) que exista una conexión entre el daño sufrido y la causa de acción ejercitada. P.P.D. v. Pedro Rosselló González, et ais., 95 J.T.S. 165, a la pág. 437; Noriega v. Hernández Colón, 135 D.P.R. 406, 427 (1994).
En el caso de autos, la Ley Número 76 le otorga legitimación activa a los colindantes para presentar un interdicto en los tribunales. Sobre el particular, el Artículo 28 de dicha ley, supra, dispone lo siguiente:

"El Administrador o el Secretario de Justicia en los casos en que así se solicite a nombre del Pueblo de Puerto Rico, o de cualquier propietario u ocupante de una propiedad vecina, que resultare o pudiere resultar especialmente perjudicado por cualesquiera de dichas violaciones, además de otros remedios provistos por ley, podrá entablar recurso de interdicto, mandamus, nulidad o cualquier otra acción adecuada para impedir, prohibir, anular, vacar, remover o modificar la instalación, construcción, erección, reconstrucción, relocalización, alteración o exhibición de rótulos o anuncios, incluyendo las planchas o plataformas donde éstos se exhiban en violación de este Capítulo o de cualesquiera reglamentos adoptados conforme a la ley y cuya estructuración le haya sido encomendada a la Administración. Esta autorización no priva a cualquier persona a incoar el procedimiento adecuado en ley para evitar infracciones a este Capítulo y a todos los reglamentos relacionados con el mismo, para evitar cualquier estorbo (nuisance) adyacente, o en la vecindad, de la propiedad o vivienda de la persona afectada. A estos fines se provee el siguiente procedimiento especial:

(a)...

(b)...

(c) Tendrán derecho a presentar la petición, los colindantes y vecinos que pudieren ser afectados por la violación, y los funcionarios designados por los organismos gubernamentales que tienen la acción, así como ingenieros o arquitectos que actúen como proyectistas o inspectores de obra,". (Enfasis nuestro).
Esta disposición permite a vecinos colindantes que vean afectados sus intereses, y que observen cualquier actividad de uso o de construcción realizada en violación de la Ley o Reglamentos de ARPE, a instar, por sí, o a través del funcionario adecuado, un interdicto o cualquier acción que provea la ley. En el caso de autos, Aguayo Reyes, al ser una vecina, posiblemente afectada, la ley le otorgó legitimación activa para instar la acción de interdicto ante el tribunal de instancia.
Procede discutir, a continuación, si dicha acción procedía al estar nuevamente ante la consideración de ARPE la concesión del permiso al negocio de Aguayo, y si estuvo correcta la interpretación del tribunal de instancia de que el efecto de nuestra decisión del 30 de septiembre de 1998, fue el de ordenar el cierre de dicho negocio.
*870 IH
La doctrina de agotamiento de los remedios administrativos está dirigida a dilucidar cuándo es el momento apropiado para que los tribunales intervengan en una controversia previamente sometida a un organismo administrativo Vélez Ramírez v. Romero Barceló, 112 D.P.R. 716, 722 (1982). El examen de la posible aplicación de dicha doctrina, surge cuando, al haber comenzado un procedimiento o actuación de una agencia, la intervención judicial es solicitada para revisar determinaciones u obtener un remedio judicial, antes de que haya culminado el trámite o procedimiento administrativo correspondiente. Id.; Quiñones v A.C.A.A. 102 D.P.R. 746, 749 (1974).
Esta doctrina establece, ademas, que el foro judicial no debe intervenir en una controversia proveniente de un organismo administrativo, hasta tanto haya culminado el trámite establecido en la agencia, Vélez Ramírez v. Romero Barceló, supra; Delgado Rodríguez v. Nazario Ferrer, 121 D.P.R. 347, 355 (1988); Febres v. Feijoo, 106 D.P.R. 676, 681 (1978). De este modo es evitada la intervención judicial innecesaria y a destiempo que tiende a interferir con el cauce y el desenlace normal del procedimiento administrativo, Delgado Rodríguez ví. Nazario Ferrer, supra. Las consideraciones tras esta doctrina son unas de política pública, tales como el permitir que la agencia ejerza su discreción o aplique su conocimiento especializado, y el evitar el posible debilitamiento de la efectividad del foro administrativo mediante la tramitación frecuente e indiscriminada en el foro judicial de asuntos que le atañen al mismo. Mercado Vega v. Universidad de Puerto Rico 128 D.P.R. 273 282(1991).
Nuestro Tribunal Supremo, en Guadalupe Pérez v. Saldaña, Presidente de la Universidad de Puerto Rico, 133 D.P.R. 42, 49 (1993), expresó lo siguiente sobre esta doctrina:

"La doctrina de agotamiento de remedios administrativos es una norma de autolimitación judicial de carácter consuetudinario y esencialmente práctico. Mediante ella, los tribunales discrecionalmente se abstienen de revisar una actuación de una agencia gubernamental, hasta tanto la persona afectada agota todos los remedios administrativos disponibles, deforma tal que la decisión administrativa refleje la posición final de la entidad estatal. Rivera v. E.L.A., 121 D.P.R. 582, 593 (1988)."

El posponer la etapa en que el litigante puede recurrir al tribunal, permite: (1) que la agencia concernida, antes de la intervención judicial, pueda desarrollar un historial completo del asunto ante su consideración; (2) que la agencia pueda utilizar el conocimiento especializado de sus funcionarios para adoptar las medidas correspondientes, de conformidad con la política pública por la entidad; y (3) que la agencia pueda aplicar uniformemente sus poderes para poner en vigor las leyes, rectificar oportunamente sus errores o reconsiderar el alcance de sus pronunciamientos. Al mismo tiempo, el poder judicial conserva la autoridad para intervenir en los momentos en que sea necesario para evitar un daño irreparable a una persona y, de esta manera, la revisión judicial es facilitada al tener los tribunales información más precisa sobre los fundamentos de la actuación gubernamental. Rivera v. E.L.A., supra, a la página 595.
En términos generales, la determinación de la aplicación de la referida doctrina, depende del balance entre los factores que operan a favor y en contra de la revisión judicial. Algunos de los factores que inclinan la balanza a favor de la omisión o preterición del requisito de agotamiento son: (1) que el dar curso a la acción administrativa haya de causar un daño inminente, material, sustancial y no teórico o especulativo, (2) que el remedio administrativo constituya una gestión inútil, inefectiva y que no ofrece un remedio adecuado; y (3) que la posposición conlleve un daño irreparable al afectado. Vélez Ramírez v. Romero Barceló, supra, a la página 722, Sección 4.3 de la Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. Sección 4.3.
En el caso de autos, cuando Aguayo Reyes presentó ante el tribunal de instancia la petición, del asunto estaba nuevamente ante la consideración de ARPE. Cabe señalar que en la decisión emitida el 30 de septiembre de 1998, en el caso Número KLRA-98-00241, este Tribunal señaló que ARPE carecía de-jurisdicción para expedir el permiso de construcción solicitado por Aguayo. El fundamento tras dicha conclusión fue que cuando, *871 el 19 de abril de 1994, Aguayo solicitó dicho permiso, ya ARPE no tenía facultad para expedirlo, pues tal facultad había sido transferida a la Oficina de Permisos del Municipio de Bayamón, el 31 de marzo anterior. Ante estas circunstancias, Aguayo inició el procedimiento para obtener el permiso en la referida Oficina. Aguayo Reyes, por su parte, también solicitó que le permitieran intervenir en los procedimientos. Posteriormente, la Oficina de Permisos emitió una Resolución en la que declaró que no tenía jurisdicción y elevó el expediente ante la consideración de ARPE para que ésta evaluara la solicitud de Aguayo. En este nuevo procedimiento ante ARPE, Aguayo Reyes también solicitó intervenir, por lo que quedó, junto con Aguayo, sometida a la jurisdicción de la Agencia. Las partes han reconocido que ARPE es la agencia con jurisdicción.
A la luz de los hechos antes expuestos y de la jurisprudencia citada con relación a la doctrina del agotamiento de remedios administrativos, el tribunal de instancia no debió intervenir en esta etapa de los procedimientos. Aguayo Reyes debió esperar a que culminara el procedimiento ante la Agencia para, en caso de ser necesario, solicitar la revisión judicial.
IV
Por otro lado, este Tribunal no está en posición de determinar si la "Petición de Injunction y Sentencia Declaratoria" presentada por Aguayo Reyes ante el foro recurrido, procedía. Cuando dicha petición fue presentada ante el tribunal de instancia, la misinme fue hecha al amparo de la Ley de Injunctions, 32 L.P.R.A. Sección 3522, et seq., y la Regla 56 de las de Procedimiento Civil sobre Sentencia Declaratoria, 32 L.P.R.A. Apéndice III, Regla 56. El tribunal de instancia, sin embargo, acogió la petición como un injunction bajo el Artículo 28 de la Ley Número 76, supra, y así lo hizo saber a la otra parte, el día de la vista. No obstante, el tribunal,'en esa misma fecha, determinó que al existir una Sentencia del Tribunal de Circuito de Apelaciones, lo que procedía era la ejecución de la misma. Por tanto, no fue presentada prueba que determinara la procedencia del injunction.
El injunction preliminar o pendente lite, ha sido definido en nuestro Código de Enjuiciamiento Civil como un mandamiento judicial expedido por escrito, requiriéndole a una persona que no haga, o permita hacer por otras bajo su intervención, determinada cosa que infrinja o perjudique el derecho de otra. 32 L.P.R.A. Sección 3521. Este recurso está caracterizado por su perentoriedad y por su acción dirigida a evitar un daño inminente o restablecer el régimen de ley conculcado por conducta opresiva, ilegal o violenta del transgresor del orden jurídico. Peña vs. Federación de Esgrima de P.R., 108 D.P.R. 147, 154 (1978). Es característica esencial del auto de injunction su vigencia inmediata a partir de la notificación de la sentencia. Su eficacia descansa en su naturaleza sumaria y en su pronta ejecución. Id.
El tribunal, al determinar si procede o no el injunction, debe considerar los siguientes criterios: "la naturaleza de los daños que pueden ocasionárseles a las partes de concederse o denegarse el injunction; su irreparabilidad o la existencia de un remedio adecuado en ley; la probabilidad de que la parte promovente prevalezca eventualmente al resolverse el litigio en su fondo; la probabilidad de que la causa se tome académica de no concederse el injunction y, sobre todo, el posible impacto sobre el interés publico del remedio que se solicita". P.R. Telephone Co. v. Tribunal Superior, 103 D.P.R. 200, 202 (1975). Además, la parte que promueve una orden provisional de injunction, tiene el peso de probar su procedencia.
En cuanto al requisito de demostrar que no existe un remedio adecuado en ley, el mismo puede ser obviado si el injunction es instado al amparo de una ley que expresamente lo autoriza; por ejemplo: el Artículo 28 de la Ley Número 76, supra. En este caso, el tribunal de instancia acogió la petición de injunction presentada por Aguayo Reyes como una al amparo de dicho Artículo. Sin embargo, el día de la vista el juzgador de instancia determinó que lo que estaba ante sí era una Sentencia del Tribunal de Circuito de Apelaciones que debía ser ejecutada, por lo que no fue pasada prueba sobre la procedencia del injunction. El tribunal de instancia señaló, en la resolución emitida 8 de mayo de 2000, que nuestra Sentencia del 30 de septiembre de 1998, en el Caso Civil Número KLRA-98-00241, declaró nulos los permisos de uso y construcción obtenidos por Aguayo para operar su negocio y, por tanto, procedía ordenar el cese y desista de las operaciones del mismo. No le asiste la *872 razón al foro recurrido.
En primer lugar, si bien es cierto que el título de una reclamación no determina la: naturaleza de la reclamación, Pueblo Int'l, Inc. vs. Srio. de Justicia, 117 D.P.R. 230, 252 (1986), el tribunal de instancia debió otorgarle, a la representación legal de la parte contra quien fue presentada la petición de injunction, un término razonable para preparar su posición de acuerdo con la determinación de dicho foro de que lo que procedía era un injunction bajo el Artículo 28 de la Ley Número 76, supra. El foro de instancia erró, además, al concluir que al ejecutar la Sentencia de este. Tribunal que declaraba nulos los permisos obtenidos por Aguayo, lo que procedía era el cierre del negocio en controversia. La referida Sentencia emitida por . este Tribunal en ningún momento ordenó el cierre de dicho negocio. Lo que este Tribunal concluyó fue que, al entrar en vigor el convenio suscrito entre ARPE y el Municipio de Bayamón, el permiso expedido a Aguayo por la primera era nulo. Lo que procedía, a continuación, era la solicitud del permiso ante la Oficina de Permisos del Municipio de Bayamón. Como señalamos anteriormente, dicha Oficina emitió una resolución en la que declaró que no tenía jurisdicción y elevo el caso ante la consideración de ARPE. Una vez en ARPE, todas las partes comparecieron y quedaron sometidas a la jurisdicción de dicha agencia. Lo que procedía, pues, era la culminación del procedimiento ante dicha agencia.
y
Por los fundamentos antes expuestos, REVOCAMOS la Sentencia apelada.
Lo acordó y manda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General