JUAN MARI RAMOS, demandante y apelante, *v.* ANTONIO VICÉNS RÍOS, demandado y apelado.

Núm. 9415.—*Sometido:* Mayo 1, 1947. *Resuelto:* Junio 18, 1947.

*José Sabater y José O. Sabater,* abogados del apelante; *Hon. Procurador General Luis Negrón Fernández y J. Rivera Barreras, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El 21 de enero de 1946 el Administrador General de Suministros, haciendo uso de las facultades que le confiere la Ley núm. 228 de 12 de mayo de 1942 ((1) pág. 1269) dictó la orden administrativa núm. 65.

Uno de los fines perseguidos por la orden administrativa, según se expresó en la misma, es "adquirir por venta voluntaria el café del país en existencias, para poder establecer una distribución equitativa entre la población civil y evitar así, . . . prácticas indeseables especulativas y de acaparamiento que propenden a elevar innecesariamente el costo de vida."

Como un medio de lograr este propósito, la referida orden administrativa otorgó un subsidio de $5 por quintal de café producido en Puerto Rico a aquellos productores que lo vendiesen a la Administración General de Suministros, por el

precio autorizado por la Oficina de Administración de Precios. Dicho precio debería pagarse a través de Cafeteros de Puerto Rico quien, a su vez, recibiría el café comprado, actuando como delegado de la Administración General de Suministros.

El apelante, traficante en café, establecido en Mayagüez, radicó en la Corte de aquel Distrito, un pleito de *injunction* solicitando que se prohibiese al Administrador dar cumplimiento a la orden administrativa. Alegó, entre otras cosas, que dicha orden concede a Cafeteros de Puerto Rico un privilegio en perjuicio del demandante y destruye su negocio de café, ya que le será imposible conseguir ese producto debido al subsidio ofrecido por el Administrador a los que lo venden a la Administración General de Suministros. Hace otras alegaciones que es innecesario exponer en detalle, dada la conclusión a que hemos de llegar en este caso.

El demandado alegó en oposición a la petición de injunction que la corte carecía de jurisdicción sobre la materia: (*a*) porque la Ley núm. 228 prescribe un procedimiento administrativo que el demandante no siguió en este caso; (*b*) porque la Ley núm. 1 de 1946 ((1) pág. 3) prohibe la expedición de injunctions para impedir el cumplimiento de cualquier actuación de un funcionario público, autorizada por ley de la Asamblea Legislativa de Puerto Rico, a menos que se hubiere determinado por sentencia final, firme, inapelable e irrevisable, que dicha actuación autorizada por ley es inconstitucional o inválida; y (*c*) porque se trata de un pleito contra El Pueblo de Puerto Rico, para instituir el cual el soberano no ha prestado su consentimiento.

Fundándose en las referidas leyes, la corte desestimó la petición de injunction. Su sentencia se ajusta a derecho. Es regla bien establecida que cuando una ley prescribe un remedio administrativo, no puede recurrirse a los tribunales de justicia sin antes agotar dicho remedio. En el presente caso el apelante hizo caso omiso del remedio admi-

nistrativo y solicitó un injunction en contravención al artículo 12(d) de la Ley núm. 228 que expresamente priva de jurisdicción a los tribunales para considerar la validez de cualquier regla u orden o escala de precios o para suspender, restringir o impedir por medio de un injunction, o para revocar en todo o en parte cualquier disposición de la referida ley autorizando la promulgación de tales reglas u órdenes o para expedir un auto de injunction para detener la vigencia o aplicación de cualquiera de dichas disposiciones. Pero aun prescindiendo de las claras disposiciones de la Ley núm. 228, en el presente caso nos encontramos con que al dictar el Administrador la orden Administrativa núm. 65, actuó dentro de las facultades que le confiere la citada Ley núm. 228.[1] Siendo ello así, el injunction solicitado por el apelante está claramente comprendido en las prohibiciones de la sección 4, inciso 3 de la Ley núm. 1 de 1946, dispositiva de que no podrá otorgarse un injunction ni una orden de entredicho para impedir el cumplimiento de cualquier actuación de un funcionario público autorizada por ley de la Asamblea Legislativa de Puerto Rico, a menos que se hubiere determinado por sentencia final, firme, inapelable e irrevisable, que dicha actuación autorizada por ley es inconstitucional o inválida. *Las Monjas Racing Corp.* v. *Comisión Hípica,* ante, pág. 45.

*Procede la confirmación de la sentencia.*

[1] El artículo 3, inciso d de la Ley núm. 228 de 12 de mayo de 1942, autoriza al Administrador General de Suministros a conceder subsidios a los productores domésticos en los términos y condiciones que él estime han de conseguir los fines perseguidos por dicha ley.