ASOCIACIÓN DE DISTRIBUIDORES DE TELEVISORES Y RADIOS DE P. R., peticionaria y recurrente, *v.* ADMINISTRACIÓN DE ESTABILIZACIÓN ECONÓMICA, querellada y recurrida.

Número 11298.

*Reasignado:* 11 de diciembre de 1957. *Resuelto:* 30 de marzo de 1959.

*César A. Montilla* y *Jorge Benítez Gautier,* abogados de la recurrente; *Juan Tomás Peñagarícano,* abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR SERRANO GEYLS emitió la opinión del Tribunal.

El 21 de septiembre de 1953, la Administración de Estabilización Económica expidió una "Orden" dirigida a "toda persona que introduzca a Puerto Rico, para la venta, receptores de televisión" para que dentro de los siguientes veinte días le suministraran determinada información relativa a los precios de dichos receptores.[1]   Se anunció en la orden que la Administración se proponía reglamentar los precios de esos aparatos.   El 16 de octubre de ese mismo año, la Asociación de Distribuidores de Televisores y Radios de Puerto Rico acudió al Tribunal Superior, Sala de San Juan, con una demanda contra la Administración titulada "Remedio Declaratorio".   Alegaba que existía una divergencia entre las partes en cuanto a la interpretación de la Ley núm. 228 de 12 de mayo de 1942, según enmendada (23 L.P.R.A. secs. 701–746) sosteniendo la Administración que los receptores eran "artículos de primera necesidad" y, por consiguiente, sujetos a la reglamentación de precios (art. 3 (a) de la Ley),

----

[1] "Art. 9.—(b) El Administrador queda, por sí o por sus delegados, autorizado además para requerir, mediante regla u orden, por sí o sus delegados a cualquier persona dedicada a negocios en que estén envueltos artículos de primera necesidad, para que tal persona provea aquella información bajo juramento o en otra forma, y lleve y guarde aquellos récords y otros documentos y haga aquellos informes que fueren necesarios para poner en vigor los propósitos de esta ley, y podrá requerir además de tales personas, que permitan la inspección y copia de sus récords, inventarios y otros documentos.   El Administrador por sí o sus delegados podrá tomar declaraciones bajo juramento, y tendrá la facultad, cuando fuere necesario, para expedir citaciones con apercibimiento de desacato para la comparecencia de testigos y para la presentación de libros y otros documentos." (23 L.P.R.A. sec. 740).

mientras que la Asociación sostenía eran artículos de lujo y, en consecuencia, exentos de reglamentación. La peticionaria suplicaba del tribunal declarara "que su interpretación del estatuto es la correcta y, por lo tanto, que no tiene la querellada facultad en ley para fijar precios máximos a los receptores de televisión". La Administración contestó haciendo igual planteamiento pero suplicando, desde luego, que el tribunal resolviera contrario a lo solicitado en la demanda.

El 20 de enero de 1954 el Tribunal Superior dictó sentencia declarando:

"1. Que el Administrador de la Administración de Estabilización Económica tiene facultad para reglamentar cualquier artículo de uso y consumo, una vez haya hecho la determinación que dicho artículo es uno de primera necesidad.

"2. Que los receptores de televisión pueden ser declarados artículos de primera necesidad por el Administrador de la Administración de Estabilización Económica de Puerto Rico, según facultad concedídale por el Artículo 3 (a) de la Ley 228 de mayo 12 de 1942."

Unos días más tarde la peticionaria apeló para ante este Tribunal. Sostiene que el tribunal de instancia cometió error al resolver que la Administración puede declarar "artículos de primera necesidad" a los receptores de televisión. Se hace innecesario considerar este planteamiento porque surge palmariamente de los autos que el Tribunal Superior no tenía jurisdicción para dictar sentencia sobre los méritos de este recurso y que tampoco la tiene este Tribunal. Ello es así porque los arts. 11 y 12 de la Ley núm. 228 de 1942 (23 L.P.R.A. secs. 742 y 743) establecen un procedimiento de revisión judicial en estos casos que es el único que puede utilizarse para tales propósitos. Ese procedimiento no se siguió en este recurso.

Las disposiciones aplicables son las siguientes:

"Artículo 11.— (a) Dentro de los diez (10) días siguientes a la promulgación de cualquier regla u orden, o de una escala de precios, cualquier persona sujeta directamente a las disposiciones

de dicha regla, u orden o escala de precios, podrá, de acuerdo con los reglamentos que prescriba el Administrador, radicar una solicitud de reconsideración especificando sus objeciones a cualquiera de dichas disposiciones, acompañándola de declaraciones juradas (*affidavits*) o de otra prueba escrita en apoyo de tales objeciones. En cualquier tiempo después de la expiración de dichos diez (10) días, cualquier persona sujeta a las disposiciones de cualquier regla, u orden o escala de precios, podrá radicar tal solicitud de reconsideración basada solamente en fundamentos ocurridos después de la expiración de los referidos diez (10) días. Dentro de un término razonable después de la radicación de cualquier solicitud de reconsideración bajo este artículo, pero en ningún caso después de treinta (30) días de su radicación, y cuarenta (40) días después de la promulgación de la regla, orden o escala de precios, el Administrador resolverá tal solicitud de reconsideración, la señalará para vista o proveerá una oportunidad para presentar prueba adicional en conexión con la misma; *Disponiéndose,* que la celebración de toda vista pública deberá anunciarse oportunamente en uno o más periódicos de circulación general en la isla. En caso de que el Administrador declare sin lugar cualquier solicitud de reconsideración en todo o en parte, informará al solicitante los fundamentos de su decisión, y los datos y hechos de que el Administrador ha tomado conocimiento oficial."

"Artículo 12.—(*a*) Cualquier persona perjudicada por la denegación o parcial denegación de su solicitud de reconsideración podrá, dentro de los diez (10) días siguientes al archivo de la notificación de tal denegación, radicar una petición ante la sala de San Juan del Tribunal Superior, especificando sus objeciones y solicitando que la regla u orden, o escala de precios protestada, sea revocada en todo o en parte. Una copia de tal petición será notificada al Administrador el que certificará y radicará en la Corte una transcripción de la parte de los procedimientos en conexión con la solicitud de reconsideración que sean pertinentes a la petición. Tal transcripción incluirá una exposición, en cuanto sea posible, de los datos económicos y de otros hechos de que el Administrador haya tomado conocimiento oficial. Al radicarse la petición *la Corte tendrá jurisdicción exclusiva* para revocar tal regla, orden o escala de precios en todo o en parte, o para desestimar la petición o para devolver los procedimientos;

*Disponiéndose,* que la regla, orden o escala de precios podrá ser modificada o rescindida por el Administrador en cualquier tiempo, a pesar de la pendencia de tal petición. Ninguna objeción a una regla u orden o escala de precios y ninguna prueba en apoyo de cualquier objeción a las mismas, será considerada por la corte a menos que tal objeción haya sido expuesta por el peticionario en la solicitud de reconsideración, o que tal prueba forme parte de la transcripción. Si se solicita de la Corte por cualquiera de las partes permiso para presentar prueba adicional que fue ofrecida al Administrador y no admitida, o que no pudo ser razonablemente ofrecida al Administrador, o incluída por el Administrador en los procedimientos y la corte determina que tal prueba debe ser admitida, ordenará que la prueba sea presentada al Administrador. El Administrador recibirá la misma así como cualquier otra prueba que estime necesaria o propia, y certificará y radicará en el tribunal una transcripción de la misma, y cualquier modificación hecha a la regla u orden o escala de precios como resultado de la misma; a menos que a petición del Administrador tal prueba sea presentada directamente a la Corte.

"(*b*) Ninguna regla, orden o escala de precios será revocada en todo o en parte a menos que el peticionario demuestre y establezca a satisfacción de la corte que la regla, orden o escala de precios es contraria a la ley, arbitraria o caprichosa. La efectividad de una sentencia de la Corte, revocando en todo o en parte cualquier regla, orden o escala de precios, se pospondrá hasta la expiración de treinta (30) días desde que sea archivada, a menos que se presente un recurso de *certiorari* ante el Tribunal Supremo de Puerto Rico dentro de dichos treinta días, y en este caso la efectividad de la sentencia se pospondrá hasta que una orden del Tribunal Supremo denegando la petición de *certiorari* recaiga con carácter final, o hasta la definitiva terminación del caso por el Tribunal Supremo.

. . . . . . . .

"(*d*) Dentro de diez (10) días después de archivada una sentencia u orden interlocutoria o final por el Tribunal Superior podrá solicitarse la expedición de un auto de *certiorari* ante el Tribunal Supremo de Puerto Rico, el cual se tramitará en la forma prescrita por la ley sobre la materia. El Tribunal Supremo señalará preferentemente y resolverá con la mayor rapidez posible todos los recursos que se establezcan con estos fines. *El Tribunal Superior y el Tribunal Supremo de Puerto Rico, al*

*revisar las sentencias y órdenes del Administrador de Estabili-*
*zación Económica tendrán jurisdicción exclusiva para determinar*
*la validez de cualquier regla u orden o escala de precios. Excepto*
*en la forma en que se provee en este artículo, ningún tribunal*
*tendrá jurisdicción o poder para considerar la validez de cual-*
*quier regla u orden o escala de precios o para suspender, restrin-*
*gir o impedir por medio de un injunction, o para revocar o anular*
*en todo o en parte, cualquier disposición de esta ley autorizando*
*la promulgación de tales reglas u órdenes, o para impedir que sea*
*efectiva una escala de precios, o cualquier provisión de cualquiera*
*de dichas reglas u órdenes, o para expedir un auto de injunction*
*para detener la vigencia y aplicación de cualquiera de dichas*
*disposiciones."* (Énfasis suplido.)

Como podrá observarse, el legislador empleó especial em-
peño en crear un procedimiento completo y detallado para
revisar "cualquier regla u orden o escala de precios" de la
Administración y señaló expresamente que esa sería la única
manera en que un tribunal podría tener "jurisdicción o poder
para considerar la validez de cualquier regla u orden o escala
de precios." Dijimos en *Ruiz* v. *Corte*, 71 D.P.R. 384, 388
(1950): "Las reglas, órdenes o escalas de precios del Admi-
nistrador sólo pueden ser atacadas por las personas sujetas
directamente a sus disposiciones a virtud del procedimiento
específico y terminante provisto en los artículos 11 y 12, . . . ,
y . . . no se puede hacer un ataque a dichas reglas, órdenes,
o escalas de precios mediante *injunction*, dentro de un proce-
dimiento criminal o en cualquiera otra forma." En *Pueblo*
v. *Tribunal Superior*, 79 D.P.R. 766, 767, 769 (1956) reafir-
mamos ese criterio señalando que el procedimiento prescrito
por la ley es "específico y exclusivo" y que la "revisión judi-
cial de dichas reglas, órdenes y escalas de precios sólo puede
llevarse a cabo de acuerdo con las . . . disposiciones del art. 12."
*Cf. Mari* v. *Vicéns*, 67 D.P.R. 473, 474 (1947); *Yakus* v.
*United States*, 321 U. S. 414 (1944).

No puede alterarse esta norma por el hecho de que los
preceptos definidores del recurso de sentencia declaratoria
estipulen que ésta puede dictarse aun cuando exista otro

remedio adecuado. Sec. 1 de la Ley núm. 47 de 25 de abril de 1931 (32 L.P.R.A. sec. 2991); Regla 57 de las de Enjuiciamiento Civil de 1943 (32 L.P.R.A. pág. 691); Regla 59 de las de Enjuiciamiento Civil de 1958 (32 L.P.R.A. Suplemento Acumulativo de 1958, pág. 161); *Llópiz* v. *Arburúa*, 72 D.P.R. 531, 534 (1951). En primer lugar, la determinación de exclusividad del art. 12 de la Ley núm. 228 no reconoce esa excepción. En consecuencia, la cuestión ha sido "removida de la esfera judicial de manera que la denegación del recurso declaratorio debe ser automática." *Development in the Law-Declaratory Judgments*, 1941-1949, 62 Harv. L. Rev. 787, 811 (1949); 1 Anderson, *Actions for Declaratory Judgments* 187 (1951); 3 Davis, *Administrative Law Treatise* 309, 420-421 (1958); Borchard, *Declaratory Judgments* 342-346 (1941); *Black* v. *Utter*, 190 S.W.2d 541, 542 (Ky., 1945); *Laub* v. *Wills*, 53 N.E.2d 530, 535-536 (Ohio, 1943); *William* v. *Tawes*, 17 A.2d 137, 139 (Md., 1941); *Samett* v. *Reconstruction Finance Corporation*, 165 F.2d 605, 606 (10th.Cir. 1948), *cert. denegado*, 334 U. S. 812 (1948); *Public Service Commission of Utah* v. *Wycoff Company, Inc.*, 344 U. S. 237, 246-247 (1952). En segundo término, no se trata de una simple cuestión de nombre o etiqueta,(²) o de tecnicismos inconsecuentes, sino que por el contrario existen diferencias fundamentales entre el procedimiento de la Ley núm. 228 y el que gobierna el remedio declaratorio. El primero provee una revisión judicial limitada, a cargo de la Sala de San Juan del Tribunal Superior, luego de agotarse los remedios administrativos(³) y a base únicamente del récord

---

(²) Véanse *Debien* v. *Junta de Contabilidad*, 76 D.P.R. 96, 102 (1954); *Concepción* v. *Junta de Contabilidad*, 80 D.P.R. 194, 196, escolio 1 (1958).

(³) En este caso no consta de los autos que se solicitara la reconsideración de la orden, según exige el art. 11. Esa omisión por sí sola podría ser razón suficiente para decretar la nulidad de la sentencia por no haberse agotado los remedios administrativos. Véanse *Amenguar* v. *Comisión Industrial*, 49 D.P.R. 10, 11 (1935); *Rodríguez* v. *Comisión Industrial*, 61 D.P.R. 222, 223 (1942); *Levers* v. *Anderson*, 326 U. S. 219, 222-223 (1945); 3 Davis, *op. cit.*, supra, págs. 100-106; *Cf. Aircraft and Diesel Corporation* v. *Hirsch*, 331 U. S. 752 (1947); *Macauley* v. *Waterman S.S. Corp.*,

de los procedimientos habidos ante la Administración. El tribunal no puede considerar ninguna objeción que no hubiese sido expuesta por el peticionario en la solicitud de reconsideración que la ley le exige someter al organismo administrativo. La acción administrativa no puede revocarse "en todo o en parte a menos que el peticionario demuestre y establezca a satisfacción de la corte que la regla, orden o escala de precios es contraria a la ley, arbitraria o caprichosa." La sentencia del Tribunal Superior está sujeta a revisión por el Tribunal Supremo por medio del recurso de *certiorari.* ([4]) Obviamente, este es un procedimiento radicalmente distinto del procedimiento ordinario de nuestro enjuiciamiento civil que es el que rige el remedio declaratorio. Como muy acertadamente señalan Gellhorn y Byse: "Al considerar el problema de cual es el método apropiado para obtener la revisión judicial de la acción administrativa, uno tiene que estar continuamente alerta al papel que desempeñan las leyes en definir el carácter y el alcance de la actividad judicial. ... La variedad de intereses que se desea proteger puede demandar diferentes intervalos de tiempo y otros requisitos del procedimiento de revisión, o puede exigir una definición especial del grado de finalidad de la acción administrativa, o puede requerir la designación de tribunales específicos para recibir todas las apelaciones de manera que quede asegurada la uniformidad de los dictámenes judiciales en esta o aquella particular materia."

"   .   .   .   .   .   .   .   .

"Solamente cuando es claro que no existe una determinación legislativa del procedimiento apropiado es que se puede pensar con seguridad en tales términos generales como *in-*

---

327 U. S. 540 (1946); *Myers* v. *Bethlehem Shipbuilding Corp.*, 303 U. S. 41, 50–51 (1938). No hay en este caso alegación alguna de inconstitucionalidad de la ley o de la orden ni surge de la ley o de los autos que los remedios administrativos o judiciales sean inadecuados o no estuvieran disponibles. 3 Davis, *op. cit.*, supra, págs. 74–81, 97–100, 309 y casos citados.

([4]) Véase la sec. 14 (*d*) de la Ley de la Judicatura, según enmendada por la Ley núm. 115 de 26 de junio de 1958 (Leyes, pág. 294).

*junction, hábeas corpus, mandamus,* etc. Cuando la ley señala los métodos y circunstancias mediante los cuales se someterá la acción administrativa al escrutinio judicial, los tribunales no permitirán el uso de otros medios para obtener el examen judicial." *Administrative Law, Cases and Comments,* (1954) págs. 324–325.

■ Finalmente, conviene aclarar que la aquiescencia de la Administración en este recurso no convalida las actuaciones del Tribunal Superior. Sabido es que el consentimiento de las partes no le otorga jurisdicción a un tribunal que por otros motivos no la tiene.(5) *Pueblo* v. *Tribunal de Distrito,* 74 D.P.R. 838, 859 (1953); *Román* v. *Corte Municipal,* 59 D.P.R. 482, 486 (1941); *Santana* v. *Salinas,* 54 D.P.R. 116, 120 (1939); *United States* v. *Griffin,* 303 U. S. 226, 229 (1938); *Federal Trade Commission* v. *Claire Furnace Co.,* 274 U. S. 160, 174 (1927); *Woodmen of the World Life Ins. Ass'n.* v. *Federal Communications Commission,* 99 F.2d 122, 123 (D. C., Cir. 1938); *Lidke* v. *Brandt,* 150 P.2d 399, 400 (Wash. 1944); *Wiles* v. *Department of Labor and Industries of State,* 209 P.2d 462, 467 (Wash. 1949); *Pennsylvania Commercial Drivers Conference* v. *Pennsylvania Milk Control Commission,* 62 A.2d 9, 13 (Pa., 1948).

*Debe anularse la sentencia apelada y desestimarse la demanda por falta de jurisdicción.*

---

(5) En vista de nuestro fallo sobre la cuestión jurisdiccional, es innecesario resolver las siguientes otras dos cuestiones que surgen de este recurso: Primera, si la Asociación de Distribuidores de Televisores y Radios de Puerto Rico es o no una "persona sujeta directamente a las disposiciones de [una] regla u orden o escala de precios" que pueda, por lo tanto, solicitar la revisión judicial de la acción administrativa; y segunda, si este recurso se convirtió o no en académico (*moot*) desde el 8 de agosto de 1958, fecha en la cual el Administrador dictó una "Orden" suspendiendo el "Reglamento de Precios núm. 5 sobre Telerreceptores". Tomamos conocimiento judicial de esa orden por autorización del art. 3(*g*) de la Ley núm. 228 (23 L.P.R.A. sec. 734).