Ortiz Camón, Juez Ponente
*821 TEXTO COMPLETO DE LA SENTENCIA
La Corporación del Fondo del Seguro del Estado y varias agencias del Estado Libre Asticiado de Puerto Rico -la Junta de Planificación de Puerto Rico, la Administración de Reglamentos y Permisos, y el Departamento de Recursos Naturales- presentaron sendos recursos de apelación y certiorari en los cuales se solicita la revisión de una sentencia sumaria parcial en la que el Tribunal de Primera Instancia, Sala de San Juan, emitió el siguiente decreto:

“(1) Declara sin lugar las mociones de desestimación de las partes demandadas.

(2) A tenor con lo dispuesto en la Regla 59 de las de Procedimiento Civil vigentes, declara que el trámite administrativo seguido ante las agencias viabilizadoras y reguladoras para obtener los permisos a virtud de los cuales se están construyendo las oficinas centrales de la Corporación del Fondo del Seguro del Estado fue uno ilegal por ser contrario a las disposiciones constitucionales, legales y reglamentarias aplicables. Por tanto, los permisos expedidos para dicha construcción son nulos.

(3) Una vez declarados los respectivos derechos de las partes, se les convoca para que comparezcan a la vista de las solicitudes de injunction a celebrarse el 28 de julio de 1999 a las 9:30 A.M.

Cada parte vendrá debidamente preparada para aportar prueba con respecto a los requisitos jurídicos que deben concurrir para que el Tribunal —en el ejercicio de su discreción— determine si se justifica el expedir o denegar una orden de injunction de la naturaleza solicitada por los demandantes en el presente caso. A tal efecto, véase Misión Industrial v. Junta de Planificación, 97 J.T.S. 34; Municipio de Ponce v. Rosselló, 94 J.T.S. 112; P.R. Telephone Company v. Tribunal, 103 D.P.R. 200 (1975); Cobbos Liccia v. DeJean Packing Co., Inc., 124 D.P.R. 896 (1989). El Tribunal apercibe a las partes que, al aportar la evidencia pertinente para colocar a la juzgadora en la posición adecuada para sopesar los factores requeridos por el ordenamiento jurídico vigente, las partes tomarán en consideración y proveerán información, entre otros, sobre los costos de cancelación del proyecto; las pérdidas en que incurriría la parte demandada en la hipótesis de que se ordenara la suspensión temporera de la construcción; la etapa en que se encuentra el proyecto; la probabilidad de proteger las áreas amabientales más vulnerables y la aplicabilidad de la doctrina del daño autoinfligido. Véase Misión Industrial v. Junta de Planificación, supra. ” 
Al emitir esta sentencia sumaria parcial, el Tribunal de Primera Instancia no ordenó expresamente su registro como sentencia final. De tal modo, conforme a lo dispuesto por las Reglas 36.4, 43.5 y 59.3 de las de Procedimiento Civil, esta sentencia sumaria parcial es un decreto interlocutorio que no tiene carácter final. Ante tal situación procesal, el recurso de apelación presentado por la Corporación del Fondo del Seguro del Estado, se atiende como certiorari, y se consolida con el recurso de certiorari presentado por la Junta de Planificación y las demás agencias del Estado Libre Asociado de Puerto Rico, aquí peticionarias.
En su recurso, la Corporación del Fondo del Seguro del Estado plantea que el Tribunal de Primera Instancia erró, al ejercer su jurisdicción sobre un recurso en que se le solicita que revise la validez de resoluciones finales y firmes de la Junta de Planificación y la Junta de Calidad Ambiental, y al aplicar retroactivamente la interpretación que sobre los reglamentos de la Junta de Planificación, hizo el Tribunal Supremo de Puerto Rico en T-JAC, Inc. (WAL-MART Caguas) v. Caguas Centrum Limited Partnership, Inc., S.E., 99 J.T.S. 60. Plantea, además, que el tribunal recurrido erró al utilizar el procedimiento de sentencia sumaria establecido por la Regla 36 de las de Procedimiento Civil para resolver una controversia de apremiante interés público.
Por su parte, la Junta de Planificación y las demás agencias del Estado Libre Asociado de Puerto Rico, aquí *822 peticionarios, plantean que el Tribunal de Primera Instancia erró al determinar que los recursos de sentencia declaratoria e injunction son vehículos apropiados para vindicar los derechos de los demandantes, y abusó de su discreción al dictar sentencia sumaria sua sponte.
Antes de dilucidar las cuestiones planteadas por los peticionarios, pasamos a hacer una breve relación del contexto procesal en que se dicta la sentencia sumaria parcial, cuya revisión se solicita.
I
El 13 de abril de 1999, los demandantes aquí recurridos presentaron una demanda sobre sentencia declaratoria e injunction contra la Junta de Planificación, la Administración de Reglamentos y Permisos, el Departamento de Recursos Naturales, la Junta de Calidad Ambiental, la Corporación del Fondo del Seguro del Estado, Bird Construction Corp.; Bird-Dick S.E., e Interplan Puerto Rico Architects and Planners, al amparo del Artículo VI, Sección 19 de la Constitución del Estado Libre Asociado; la Regla 59 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 59; el Artículo 28 de la Ley Núm. 76 del 24 de junio de 1975, 23 L.P.R.A. sec. 72; la Resolución Conjunta Número 192 del 20 de junio de 1998; la Orden Ejecutiva del 13 de febrero de 1998 - Boletín Administrativo OE1998-04; y el Reglamento de Planificación Núm. 25 del 29 de enero de 1996. (Anejo XXIV en la pág. 286 del Apéndice al recurso de certiorari presentado por la Junta de Planificación y demás agencias del Estado Libre Asociado de Puerto Rico, en adelante Apéndice).
La demanda solicita que se declare la nulidad de la Consulta de Ubicación aprobada por la Junta de Planificación sobre un proyecto de edificios de oficinas para la Corporación del Fondo del Seguro del Estado, por haberse autorizado mediante enmienda a la consulta de ubicación para un proyecto distinto, que ya no estaba vigente, y sin considerar variaciones, ni excepciones para su zonificación, en violación al Reglamento de Planificación Núm. 4; al Reglamento Núm. 13 sobre Zonas Susceptibles a Inundaciones; y a la Ley Núm. 9 del 18 de junio de 1970, según enmendada conocida como Ley Sobre Política Pública Ambiental, 12 L.P.R.A. sec. 1221 y ss. Además se solicita que se declare la nulidad del permiso de construcción otorgado por la Administración de Reglamentos y Permisos, y se ordene la paralización de la construcción del proyecto, por estar ubicado en un terreno que es parte del Bosque Estatal del Nuevo Milenio.
Junto a la demanda, los demandantes recurridos presentaron una Moción Solicitando Injunction Preliminar en la que se reiteran los fundamentos expuestos en la demanda y se solicita la paralización inmediata de la obra de construcción. (Anejo XXV, pág. 297 del Apéndice)
El 14 de abril de 1999, el Tribunal de Primera Instancia emitió una Orden en la que convocó a las partes para el 27 de abril de 1999, a una conferencia con antelación a la vista sobre la Moción Solicitando Injunction Preliminar, presentada por los demandantes. (Anejo XXIII en la pág. 282 del Apéndice)
El Estado Libre Asociado de Puerto Rico, en representación de la Junta de Planificación y las demás agencias aquí peticionarias, presentó su Contestación a Demanda el 26 de abril de 1999, en la que sostuvo que la demanda constituía un ataque colateral a decisiones finales y firmes emitidas por tales agencias, en el ejercicio válido de las facultades que le confieren sus respectivas leyes orgánicas, y planteó la improcedencia de un recurso de sentencia declaratoria e injunction para impugnar tales decisiones. Además plantearon defensas por alegada falta de agotamiento de remedios administrativos disponibles y por alegada cosa juzgada. (Anejo XXI, en la pág. 246 del Apéndice).
En esa misma fecha, la Corporación del Fondo del Seguro del Estado presentó una Moción de Desestimación de Solicitud de Injunction Preliminar en la que planteó lo siguiente: 1) las decisiones administrativas impugnadas son finales y firmes, toda vez que los demandantes no solicitaron revisión judicial oportunamente; 2) las *823 disposiciones de la Ley Orgánica de la Administración de Reglamentos y Permisos invocadas por los demandantes, no son aplicables a los hechos del caso, ya que los demandantes no son ocupantes, ni propietarios de una propiedad vecina; 3) la Corporación no fue emplazada correctamente; 4) faltaban partes indispensables porque no se había demandado al desarrollador de la obra Bird-Dick Interplan, S.E.; 5) la acción instada no cumple con los requisitos para solicitar la expedición de un injunction preliminar, y los demandantes no alegan un daño irreparable que amerite la expedición de un remedio extraordinario; 6) el 31 de marzo de 1999, los demandantes-recurridos presentaron una apelación ante la Junta de Apelaciones sobre Construcciones y Lotificaciones en la que cuestionan la validez del permiso de construcción emitido por la Administración de Reglamentos y Permisos y tal procedimiento no ha concluido aún; y 7) existe un interés público apremiante en completar el proyecto, cuyos permisos se impugnan, ya que se han comprometido millones de dólares del Pueblo de Puerto Rico. (Anejo XXII, en la pág. 251 del Apéndice).
En la conferencia con antelación a la vista para atender la Moción Solicitando Injunction Preliminar, el Tribunal recurrido le requirió a las partes que estipularan una cronología de los procedimientos efectuados ante las agencias, para así estar en condiciones de determinar si procedía señalar la vista para atender la solicitud de injunction preliminar.
El 28 de abril de 1999, los demandantes presentaron una Demanda Enmendada en la que incluyeron al desarrollador Bird-Dick Interplan, S.E.. (Anejo XX en la pág. 238 del Apéndice). Posteriormente, la Junta de Calidad Ambiental se unió a la moción de desestimación del injunction preliminar presentada por la Corporación del Fondo del Seguro del Estado. (Anejo XVII en la pág. 169 del Apéndice).
El 6 de mayo de 1999 el Estado Libre Asociado de Puerto Rico, en representación de la Junta de Planificación, la Administración de Reglamentos y Permisos y el Departamento de Recursos Naturales presentó una Moción en Apoyo a Moción de Desestimación de Solicitud de Injunction Preliminar, en la cual se unió a la solicitud de desestimación presentada por la Corporación del Fondo del Seguro del Estado. (Anejo XVIII en la pág. 171 del Apéndice).
El 7 de mayo de 1999, los codemandados Bird-Dick Interplan, S.E., Bird Construction Corp. e Interplan Puerto Rico Architects and Planners, también presentaron una solicitud de desestimación en la que reprodujeron los argumentos esbozados por la Corporación del Fondo del Seguro del Estado en su solicitud de desestimación e hicieron alegación sobre las pérdidas económicas que ocasionaría la paralización del proyecto. (Anejo XIX en la pág. 173 del Apéndice).
El 17 de mayo de 1999, los demandantes presentaron una Moción en Oposición a la Moción de Desestimación presentada por la Corporación del Fondo del Seguro del Estado en la que sostuvieron que la solicitud de desestimación no procede como moción de sentencia sumaria porque, de los documentos sometidos surge la existencia de una controversia de hechos con relación a los permisos. (Anejo XVI en la pág. 145 del Apéndice).
El 21 de mayo de 1999, las partes presentaron una Moción Conjunta Sometiendo Cronología Estipulada en Cumplimiento de Orden, en el cual señalaron que no estipulaban la admisibilidad, ni el contenido de los documentos allí mencionados. (Anejo XIII en la pág. 116 del Apéndice). En ese momento, no se sometió copia de los documentos identificados en dicha Moción Conjunta. En esa misma fecha, la Corporación del Fondo del Seguro del Estado presentó una Réplica a Oposición de los Demandantes a Solicitud de Desestimación de Injunction Preliminar en la cual planteó que su solicitud de desestimación no debía tomarse como una solicitud de sentencia, sumaria, y señaló que los documentos se presentaron, en cumplimiento con la Orden del tribunal, con el único fin de demostrar que la moción de los demandantes no cumplía con los requisitos para la expedición *824 del injunction preliminar solicitado. (Anejo XV en la pág. 135 del Apéndice).
El 26 de mayo de 1999, el Estado Libre Asociado de Puerto Rico, en representación de la Junta de Planificación, el Departamento de Recursos Naturales y la Administración de Reglamentos y Permisos, presentó una Moción Informativa y Sobre Otros Extremos en la que, con el fin de controvertir el alegado valor ecológico del predio en que ubica el proyecto, presentó un estudio de Inventario Biológico realizado por el Departamento de Recursos Naturales en el cual se concluyó que el valor biológico del predio en cuestión “es pobre [¶]... y] denota un historial de uso del predio que ha alterado e impedido por las últimas décadas el surgimiento espontáneo de una capa forestal”, entre estos, el uso del mismo como vertedero clandestino. (Anejo XII en la pág. 96 del Apéndice).
El 23 de junio de 1999, los demandantes presentaron una Moción Urgente en Auxilio de Jurisdicción Sometiendo Documentos, con la que presentaron tres Formularios Ambientales evaluados por la Junta de Calidad Ambiental en relación al predio en que ubica el proyecto en controversia. (Anejo VIII, en la pág. 51 del Apéndice).
El 24 de junio las partes presentaron la Moción Sometiendo Documentos como Anejos a la Moción Conjunta Estipulando Cronología y una Tabla de Contenido. (Anejo XXVI en la pág. 311 del Apéndice). El 30 de junio de 1999, la Corporación del Fondo del Seguro del Estado presentó Oposición a la Moción en Auxilio de Jurisdicción Sometiendo Documentos que los demandantes habían presentado el 23 de junio. (Anejo IX en la pág. 79 del Apéndice).
El 7 de julio el tribunal recurrido dictó la sentencia sumaria parcial cuya revisión se solicita.
II
La Regla 59 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 59.1; la Ley de Recursos Extraordinarios, según enmendada por la Ley de Derechos Civiles de Puerto Rico, 32 L.P.R.A. sec. 3391 y ss.; y el artículo 5.003 de la Ley de la Judicatura de 1994, según enmendada, 4 L.P.R.A. sec. 22(o), le confieren autoridad al Tribunal de Primera Instancia para atender recursos de sentencia declaratoria e injunction en los que se impugne la validez de una decisión final de una agencia administrativa por ser contraria a las leyes o la Constitución del Estado Libre Asociado de Puerto Rico, siempre y cuando el peticionario no tenga un procedimiento administrativo, ni un recurso ordinario de revisión judicial disponible y adecuado para hacer tal planteamiento. Asoc. de Distribuidores v. Admn. Estabilización, 81 D.P.R. 212, 220 (1959); Vda. de Iturregui v. E.L.A., 99 D.P.R. 488, 491 (1970); Febus v. Feijóo, 106 D.P.R. 676, 681 (1978).
La Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, Núm. 170 de 12 de agosto de 1988, según enmendada por la Ley Núm. 247 de 25 de diciembre de 1995, 3 L.P.R.A. sec. 2101, 2172 (Supl. 1998), establece un procedimiento ordinario mediante el cual cualquier parte afectada por una orden o resolución final de una agencia, que haya agotado los remedios provistos por la agencia, puede presentar un recurso de revisión judicial ante el Tribunal de Circuito de Apelaciones dentro de un término de 30 días contados a partir de la fecha del archivo en autos de la resolución final cuya revisión interesa.
De tal modo, el recurso ordinario de revisión judicial establecido por la Ley de Procedimiento Administrativo Uniforme no está disponible para personas que no fueron partes en el procedimiento administrativo, pero que, sin embargo, están afectados por una decisión administrativa final y firme, alegadamente emitida en contravención a lo dispuesto por la ley y la reglamentación aplicable. Por otra parte, aunque los demandantes aquí recurridos tienen un procedimiento administrativo disponible ante la Junta de Apelaciones sobre Construcciones y Lotificaciones relacionado con el permiso de construcción otorgado por la *825 Administración de Reglamentos y Permisos, éste no constituye un procedimiento administrativo adecuado para impugar la consulta de ubicación aprobada por la Junta de Planificación. El Artículo 30 de la Ley Orgánica de la Administración de Reglamentos y Permisos, 23 L.P.R.A. sec. 72 (b), no le confiere autoridad a ese organismo para examinar la validez de decisiones de la Junta de Planificación.
Al examinar los antecedentes procesales a la moción de sentencia sumaria parcial de carácter declaratorio, cuya revisión se solicita, se hace evidente que, al momento de dictarla, lo que el tribunal recurrido tenía ante su consideración era la Moción Solicitando Injunction Preliminar presentada por los demandantes-recurridos, y las mociones en las que los demandados aquí peticionarios solicitaron la desestimación de esa moción. De los documentos incluidos en los apéndices, no surge evidencia de que las partes pretendiesen que la controversia fuese resuelta sumariamente. Tampoco surge indicación de que el tribunal recurrido le revelase a las partes su intención de resolver la controversia mediante sentencia sumaria.
Está claramente establecido que la sentencia sumaria es un remedio de carácter excepcional, y que los tribunales no deben resolver un pleito sua sponte, mediante ese mecanismo, sin haberle revelado su intención a las partes, González v. Alicea, 132 D.P.R. 638 (1993). Sin embargo, en el caso del título se dictó una sentencia sumaria de carácter parcial, en la que el tribunal recurrido no pretendió resolver el pleito, ni considerar todos los remedios solicitados por los demandantes.
Las Reglas 36.4 y 59.3 de las de Procedimiento Civil, leídas conjuntamente, permiten que el Tribunal de Primera Instancia dicte una sentencia sumaria parcial de carácter declaratorio en la que no se resuelve un pleito, ni se consideran todos los remedios solicitados. Este tipo de sentencia parcial tiene el fin de perfilar las cuestiones litigiosas y es comparable a las órdenes que los tribunales pueden dictar con ese fin al momento de la conferencia preliminar al juicio bajo la autoridad que les confiere la Regla 37 de las de Procedimiento Civil. En este sentido, y consistente con lo dispuesto por la Regla 43.5 de las de Procedimiento Civil, este tipo de decreto parcial es de carácter interlocutorio y está sujeto a la reconsideración del tribunal recurrido, en cualquier momento antes de que se dicte una sentencia final. El carácter interlocutorio de la sentencia sumaria parcial cuya revisión se solicita se hace más evidente, si se considera que ella se dictó en respuesta a una Moción Solicitando Injunction Preliminar, y que en ella se señaló la celebración de vista evidenciaría para atender esa Moción. En este contexto procesal, se hace evidente que la sentencia sumaria parcial cuya revisión se solicita sólo constituye una delimitación inicial de la controversias sobre la nulidad de las decisiones administrativas impugnadas por los demandantes y no constituye un impedimento para que, en su momento, los peticionarios puedan presentar cualquier evidencia pertinente para resolver el pleito. Sobre esto, véase, 10b Wright & Miller, Federal Practice & Procedure: Civil, 3d. sec. 2737 en la pág. 311 y ss; los Comentarios del Secretariado de la Conferencia Judicial, según recopilados en 32 L.P.R.A., Ap. III, R. 36.4.
Ante tales circunstancias, en este momento cualquier intervención de este Tribunal en la adjudicación de las controversias planteadas en el pleito del título sería inoportuna.
Por las consideraciones antes expuestas, se expide el auto de certiorari, y se dicta sentencia con el único fin de modificar la sentencia sumaria parcial cuya revisión se solicita para advertir su carácter interlocutorio y señalar que ella no constituye impedimento para que, en su momento, las partes puedan presentar cualquier evidencia pertinente para resolver el pleito. Conforme con ello, se ordena la inmediata continuación de los procedimientos ante el Tribunal de Primera Instancia.
Notifíquese inmediatamente por fax o teléfono y por correo ordinario.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
*826 Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIO 2000 DTA 36
1. Junto a su recurso, la Corporación del Fondo del Seguro del Estado presentó una moción en la que solicitó que se ordenara al Tribunal de Primera Instancia a dejar sin efecto la vista de injunction señalada para el 28 de julio de 1999, hasta tanto se resolviera su recurso. Sin embargo, posteriormente la Corporación del Fondo del Seguro del Estado informó que el tribunal recurrido suspendió el señalamiento, lo cual tomó académica la moción en auxilio de jurisdicción.