ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| EDAN RIVERA RODRÍGUEZ, en su carácter de Secretario del DEPARTAMENTO DEL CONSUMIDOR Y OTROS<br><br>Apelada<br><br>V.<br><br>OFFICE 360 LLC H/N/C CAGUAS SENIOR LIVING<br><br>Apelante | KLAN202400238 | *Apelación*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2022CV03569 (Sala 701)<br><br>Sobre:<br>Petición para hacer cumplir orden. |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez

Rivera Pérez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de marzo de 2024.

Comparece ante nos la parte apelante, Office 360 LLC H/N/C Caguas Senior Living (en adelante, Caguas Senior Living), mediante un recurso de *Apelación* y nos solicita que revisemos la *Sentencia* emitida el 7 de febrero de 2024 y notificada el 9 de febrero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Caguas (en adelante, TPI). Mediante este dictamen, el TPI declaró "Con Lugar" la petición para hacer cumplir la *Resolución* y *Orden* presentada por la parte apelada, Departamento de Asuntos del Consumidor (en adelante, DACo), contra Caguas Senior Living. En este dictamen, el TPI ordenó a Caguas Senior Living pagarle a la parte querellante, Norma I. Lizardi Del Valle (en adelante, Sra. Lizardi Del Valle), la cantidad de $1,666.66 con el interés legal que fija la ley.

---

[1] OAJP2021-086.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada.

**-I-**

Según surge del expediente, el 3 de junio de 2022, la Sra. Lizardi Del Valle presentó la Querella Núm. CAG-2022-0003235 ante el DACo en contra de Caguas Senior Living.[2] En síntesis, la Sra. Lizardi Del Valle solicitó la devolución de $2,000.00 pagados al hogar de cuido de adultos mayores, Caguas Senior Living, por concepto de cuido de su esposo durante el periodo del 17 de mayo de 2022 al 17 de junio de 2022.

Luego de varios trámites procesales, se celebró la vista administrativa y, finalmente, el 26 de agosto de 2022, el DACo emitió y notificó una *Resolución* declarando "Con Lugar" la Querella Núm. CAG-2022-0003235.[3] En su dictamen, el DACo formuló, a base de la prueba presentada por las partes durante la vista, las determinaciones de hechos siguientes:

1. El Querellado es una corporación con fines de lucro, inscrita bajo las Leyes del Estado Libre Asociado, registrada bajo el n[ú]mero 414263 ante el Departamento del Estado. El Querellado opera un centro de cuido para personas de edad avanzada conocido como Caguas Senior Living.

2. La Querellante es ama de casa y residente de Caguas, Puerto Rico. La Querellante está casada con el señor Benito Rodríguez, quien es mayor de edad y tiene un diagnóstico de Alzheimer.

3. Ante la condición de salud y los cuidos continuos que requiere el señor Benito Rodríguez, la Querellante decidió buscar un centro de cuido para su esposo. En vista de ello contactó al Querellado.

4. El centro de cuido que opera el Querellado se encuentra cerca de la residencia de la Querellante, por lo que le resultó de gran agrado a esta, para así poder visitar y atender con mayor facilidad a su esposo, el señor Benito Rodríguez.

5. El 17 de mayo de 2022 la Querellante acudió al centro de cuido para orientarse y contratar los servicios de este. En esa misma fecha firmó un "Compromiso de

---

[2] Apéndice del *Certiorari*, pág. 3 del caso KLCE202301112.
[3] Apéndice del *Certiorari*, págs. 3-12 del caso KLCE202301112.

Pago y Acuerdos de Términos de Condiciones" (en lo suceso el "Contrato"). Surge del Contrato lo siguiente:

"[…]
Me comprometo a cumplir con el pago acordado los días 17 de cada mes a partir del 17 de mayo de 2022, por la cantidad de $2,000.00 mensuales.

[…] Bajo ningún concepto se regresará, devolverá o reembolsará dinero correspondiente al pago mensual una vez iniciados los servicios mensuales o que sean asignados para separar o reservar algún espacio para residente.
[…]"

6. En la misma fecha del 17 de mayo de 2022 la Querellante pagó al Querellado la cantidad de dos mil dólares ($2,000.00), correspondiente a la mensualidad de 17 de mayo de 2022 al 17 de junio de 2022. A la Querellante no se le requirió el pago de cuota o fianza alguna para reservación de espacio.

7. Al concluir los procesos de contratación y autorización, la Querellante procedió a ingresar a su esposo, el señor Benito Rodríguez, en el centro de cuido del Querellado.

8. El sábado, 21 de mayo de 2022 personal del Querellado se comunicó con la Querellante para informarle que deseaban reunirse con esta para discutir un suceso ocurrido con el señor Benito Rodríguez. En esa misma fecha la Querellante se personó al centro de cuido.

9. Una vez llegó al centro de cuido, la Querellante fue recibida por personal del Querellado y se le informó de un suceso en el que el señor Benito Rodríguez había presentado cambios en el comportamiento con su compañero de cuarto. Por lo que se le trasladó a un cuarto privado[.] Estando en dicho cuarto, en un aparente estado de ansiedad, se evacuó y "ensuci[ó]" las paredes y a su persona. Además, arrojó contra la pared varios recipientes de bebidas suplementarias que se encontraban en el cuarto.

10. Cuando la Querellante llegó al centro de cuido, el señor Benito Rodríguez se encontraba evacuado y solo en el cuarto, personal del Querellado aún no había atendido la situación. A la Querellante le sorprendió este comportamiento de su esposo, toda vez que nunca lo había presentado.

11. Personal del Querellado orientó a la Querellante sobre posibles servicios individualizados para el señor Benito Rodríguez. No obstante, este suceso motiv[ó] a que la Querellante determinara llevarse al señor Benito Rodríguez del centro de cuido del Querellado. La Querellante además solicitó al Querellado en ese momento la devolución de los medicamentos y pertenencias del señor Benito Rodríguez.

12. Ante la ausencia del señor Jesús Gálvez Orozco, las pertenencias y medicamentos del señor [Benito] Rodríguez fueron entregadas a la Querellante posteriormente por medio de uno de los hijos de la Querellante.

13. El señor Benito Rodríguez estuvo ingresado en el centro de cuido durante cinco (5) días. En este tiempo se le brindó el servicio contratado. La Querellante llamaba a diario y no surge alguna reclamación o alegación del servicio durante dichas fechas, adicional al evento del 21 de mayo de 2022.

14. Posteriormente[,] el sábado 21 de mayo de 2022, la Querellante presentó Querella ante el Departamento de la Familia. Esta Querella motiv[ó] varias investigaciones por parte de la Agencia y la Oficina Estatal del Procurador de Cuidado de Larga Duración. Como resultado de dichas investigaciones no se encontró ningún mal manejo o asunto relacionado a maltrato.

15. El 3 de junio de 2022 la Querellante presentó Querella ante este Departamento en la que solicitó la devolución de los dos mil dólares ($2,000) pagados en concepto de mensualidad de cuido al Querellado.

Finalmente, el DACo declaró "Con Lugar" la querella y, en consecuencia, le ordenó a Caguas Senior Living el pago de $1,666.66 a la Sra. Lizardi Del Valle en un término de quince (15) días, contados a partir de la fecha de la notificación de la *Resolución.*

Transcurrido dicho término, el DACo recurrió ante el TPI el 24 de octubre de 2022 mediante un recurso de *Petición para Hacer Cumplir Orden* al amparo de la Ley Núm. 5 de 23 de abril de 1973, según enmendada, conocida como *"Ley Orgánica del Departamento de Asuntos del Consumidor"*, 3 LPRA sec. 341 *et seq.* En su petición, el DACo alegó que Caguas Senior Living había incumplido con lo ordenado en la *Resolución* del 26 de agosto de 2022, por lo que solicitó que se emitiera un dictamen ordenando su cumplimiento bajo apercibimiento de desacato.[4]

Luego de varios trámites procesales, el 23 de febrero de 2023, Caguas Senior Living presentó una *Moción de Desestimación.*[5] En síntesis, Caguas Senior Living alegó que el TPI carecía de

---

[4] Apéndice del *Certiorari*, págs. 1-2 del caso KLCE202301112.
[5] Apéndice del *Certiorari*, págs. 16-20 del caso KLCE202301112.

jurisdicción para atender el recurso presentado por el DACo. Según su contención, mediante la *Resolución* de 26 de agosto de 2022 el DACo revisó y dejó sin efecto una determinación emitida por el Departamento de la Familia sin tener jurisdicción para ello, por lo que dicho dictamen era nulo.

El 27 de febrero de 2023, el DACo presentó una *Oposición a Solicitud de Desestimación*.[6] En síntesis, el DACo alegó que Caguas Senior Living estaba induciendo a error al TPI al alegar que mediante la *Resolución* de 26 de agosto de 2022 se había revisado y dejado sin efecto una determinación del Departamento de la Familia; que se trataba de casos y reclamaciones distintas; y que de ninguna manera el DACo había interferido con la determinación del Departamento de la Familia. Según explicó, esta última se emitió a debido a un referido de alegaciones de maltrato institucional que presentó la Sra. Lizardi Del Valle el 21 de mayo de 2022 en contra de Caguas Senior Living ante el Departamento de la Familia.

El 31 de agosto de 2023, notificada el 8 de septiembre de 2023, el TPI emitió una *Resolución* declarando "Sin Lugar" la *Moción de Desestimación* presentada por Caguas Senior Living.[7] En su dictamen, el TPI concluyó lo siguiente:

> "[...] COINCIDIMOS CON LO EXPUESTO POR LA PETICIONARIA[,] DACO[,] QUE SU QUERELLA Y RESOLUCIÓN TRATAN DE UN ASUNTO COMPLETAMENTE DISTINTO QUE EL DILUCIDADO ANTE EL DEPARTAMENTO DE LA FAMILIA [...]."

Así las cosas, Caguas Senior Living acudió ante nos el 10 de octubre de 2023 mediante recurso de *Certiorari*, en el que señaló la comisión del error siguiente: "Erró el Tribunal de Primera Instancia al asumir jurisdicción donde no tiene, ya que el DACO no la ten[í]a." El 23 de octubre de 2023, el DACo presentó su *Oposición a Certiorari*.

---

[6] Apéndice del *Certiorari*, págs. 21-39 del caso KLCE202301112.
[7] Apéndice del *Certiorari*, pág. 40 del caso KLCE202301112.

El 30 de octubre de 2023, denegamos la expedición del recurso de *Certiorari*.[8] En esa ocasión señalamos: "A todas luces la determinación del DACo no es nula ni contraria a derecho como se alega y advino final y firme por lo cual se puede solicitar al tribunal por DACo una acción en cumplimiento de orden." Surge del expediente que el 13 de noviembre de 2023, Caguas Senior Living presentó *Reconsideración* ante este tribunal la cual fue declarada "No Ha Lugar" el 16 de noviembre de 2023.[9]

Finalmente, el 7 de febrero de 2024, el TPI dictó una *Sentencia*, notificada el 9 de febrero de 2024, en la que declaró "Con Lugar" la petición del DACo y ordenó a Caguas Senior Living a pagar la cantidad de $1,666.66 con interés legal que fija la ley a la Sra. Lizardi Del Valle.[10]

Inconforme con esta determinación, Caguas Senior Living interpuso el presente recurso de *Apelación* el 11 de marzo de 2024 ante este foro revisor y señaló la comisión del siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ASUMIR JURISDICCI[Ó]N DONDE NO TIENE, YA QUE EL DACO NO LA TEN[Í]A.[11]

Examinado el recurso y al tenor de la determinación tomada, prescindimos de la comparecencia de la parte apelada según nos faculta la Regla 7(B)(5) de nuestro Reglamento. 4 LPRA Ap. XXII-B, R. 7(B)(5).

-II-

A.

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015). Véanse, además: *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014);

---

[8] Véase KLCE202301112.
[9] Véase expediente del caso KLCE202301112.
[10] Apéndice de *Apelación*, págs. 1-2.
[11] Nótese que se trata del mismo error planteado en el caso KLCE202301112.

*Cordero et al. v. ARPe et al.*, 187 DPR 445, 456 (2012); *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012); *Cruz Parrilla v. Depto. Vivienda*, 184 DPR 393, 403 (2012); *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). En toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233-234 (2014); *Cordero et al. v. ARPe et al.*, supra, pág. 457; *Cruz Parrilla v. Depto. Vivienda*, supra, pág. 403. Esto debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. *Cordero et al. v. ARPe et al.*, supra, pág. 457. De igual manera, corresponde a los foros adjudicativos evaluar la jurisdicción del foro de donde procede el recurso ante su consideración. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007).

Se ha reafirmado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente. *Mun. de San Sebastián v. QMC Telecom*, supra, pág. 660. Véanse, también: *Horizon v. Jta. Revisora, RA Holdings*, supra, pág. 234; *Cordero et al. v. ARPe et al.*, supra, pág. 457. Cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por estas, les corresponde a los tribunales, como deber ministerial, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues este incide directamente sobre el poder mismo para adjudicar una controversia. *Shell v. Srio. de Hacienda*, supra, pág. 123. Véanse, además: *Yumac Home v. Empresas Massó*, supra, pág. 103; *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *Souffront v. A.A.A.*, 164 DPR 663, 674 (2005).

Por su parte, "las agencias administrativas solamente pueden ejercer los poderes que su ley habilitadora expresamente les ha

otorgado y aquellos que sean indispensables para llevar a cabo su encomienda primordial". *DACo v. AFSCME,* 185 DPR 1, 12 (2012), citando a *López Nieves v. Méndez Torres*, 178 DPR 803 (2010) y *Caribe Comms., Inc. v. P.R.T.Co.*, 157 DPR 203 (2002). Es decir, la ley es el medio a través del cual el legislador autoriza a las agencias administrativas a ejercer sus funciones. *Íd.* Por ello, una agencia no puede asumir jurisdicción sobre una actividad, materia o conducta cuando no está claramente autorizada por ley para ello. *ASG v. Mun. San Juan*, 168 DPR 337, 346 (2006). "Es decir, ni la necesidad, ni la utilidad, ni la conveniencia pueden sustituir al estatuto en cuanto a fuente de poder de una agencia administrativa". *DACo v. AFSCME,* supra, citando a *Martínez v. Rosado*, 165 DPR 582 (2005). El consentimiento de las partes tampoco otorga jurisdicción. *Asoc. de Distribuidores vs. Admón. Estabilización*, 81 DPR 212, 220 (1959). Así pues, una agencia actúa *ultra vires* cuando opera más allá del poder delegado o la jurisdicción conferida mediante la ley habilitadora. *Pueblo v. Barahona Gaitán*, 201 DPR 567, 577 (2018).

**B.**

El DACo tiene como propósito primordial "vindicar e implementar los derechos del consumidor, frenar las tendencias inflacionarias; así como el establecimiento y fiscalización de un control de precios sobre los artículos y servicios de uso y consumo". Artículo 3 de la Ley Núm. 5 de 23 de abril de 1973, *supra.*

A fin de poder cumplir con este propósito, el Secretario del DACo tiene el deber y la facultad de "[a]tender, investigar y resolver las quejas y querellas presentadas por los consumidores de bienes y servicios adquiridos o recibidos del sector privado de la economía." Artículo 6(c) de la Ley Núm. 5 de 23 de abril de 1973, *supra.*

En aras de vindicar eficazmente los derechos de los consumidores, el DACo "posee una estructura de adjudicación administrativa con plenos y amplios poderes para adjudicar las

querellas ante su consideración, y conceder los remedios pertinentes conforme a derecho". Artículo 6(d) de la Ley Núm. 5 de 23 de abril de 1973, *supra*; *Ortiz Rolón v. Soler Auto Sales et al.*, 202 DPR 689, 696 (2019); Artículo 6 (d) de la Ley Núm. 5 de 23 de abril de 1973, *supra*.

En lo pertinente al caso ante nuestra consideración, sabido es que las agencias administrativas carecen del "poder coercitivo que tienen los tribunales para exigir el cumplimiento de órdenes y resoluciones". *Ortiz Matías et al. v. Mora Development*, 187 DPR 649, 655 (2013). Por ello, la Ley Núm. 5 de 23 de abril de 1973, *supra*, provee para que dichos organismos puedan acudir ante los tribunales y hacer cumplir sus resoluciones. En particular, faculta al Secretario del DACo para:

> "Interponer cualesquiera remedios legales que fueran necesarios para hacer efectivos los propósitos de esta ley y hacer que se cumplan las reglas, reglamentos, órdenes, resoluciones y determinaciones del Departamento". Artículo 6 (i) de la Ley Núm. 5 de 23 de abril de 1973, *supra*.

A estos efectos, cualquier petición para hacer cumplir una orden del DACo, "se someterá o presentará en la Sala del Tribunal de Justicia correspondiente a la Oficina Regional del Departamento donde se haya llevado a cabo el procedimiento de querella, independientemente que la parte querellada (demandada) no resida en el área cubierta por dicha Oficina Regional". *Íd.*

-III-

En su recurso de *Apelación*, Caguas Senior Living señala como único error que el TPI erró "al asumir jurisdicción donde no tiene, ya que el DACo no la ten[í]a." En síntesis, Caguas Senior Living alega que la parte apelada debía acudir ante este Tribunal de Apelaciones y no ante el DACo para revisar la determinación del Departamento de la Familia. Menciona Caguas Senior Living que el DACo no tenía ni tiene jurisdicción para revisar la decisión de otra agencia

administrativa. Expresó, además, que ante la ausencia de jurisdicción del DACo, el TPI tampoco tenía jurisdicción para atender el asunto.

Surge de las determinaciones de hechos del DACo que la Querella presentada ante el Departamento de la Familia era relacionada a un asunto de maltrato institucional, mientras que la Querella que el DACo tenía ante su consideración era una relacionada a la devolución de los dos mil dólares ($2,000) pagados en concepto de a Caguas Senior Living por parte de la Sra. Lizardi Del Valle.

Por otro lado, se desprende del caso de autos que el DACo acudió ante el TPI mediante una *Petición para Hacer Cumplir Orden*. Por medio de dicha petición, el DACo le solicitó al TPI que dictara una orden en contra de Caguas Senior Living para que cumpliera con lo ordenado por la agencia en la *Resolución* del 26 de octubre de 2022, la cual le imponía el pago de $1,666.66 a favor de la Sra. Lizardi Del Valle.

De conformidad con lo dispuesto en la Ley Núm. 5 de 23 de abril de 1973, *supra*, el DACo tiene como propósito el vindicar e implementar los derechos del consumidor. Asimismo, el DACo tiene el deber y la facultad atender, investigar y resolver querellas presentadas por los consumidores de bienes y servicios recibidos del sector privado de la economía. *Íd*. Así pues, no tenemos duda de que el DACo estaba facultado y tenía el deber de atender la Querella referente a la devolución de los dos mil dólares ($2,000) presentada por la parte apelada. Esto se trataba de un asunto completamente distinto al que había presentado la Sra. Lizardi Del Valle en el Departamento de la Familia por maltrato institucional en contra de Caguas Senior Living.

Por otro lado, sabido es que las agencias administrativas carecen del poder coercitivo para exigir el cumplimiento de órdenes

y resoluciones. *Ortiz Matías et al. v. Mora Development,* supra. Por tanto, las agencias deben acudir ante los tribunales para exigir el cumplimiento de estas. *Íd.* Así también lo dispone la Ley Núm. 5 de 23 de abril de 1973, *supra,* la cual establece que el DACo debe acudir ante los tribunales para interponer cualquier remedio legal que le permita hacer efectiva sus órdenes y resoluciones. En atención a ello, el DACo actuó correctamente al acudir ante el TPI para solicitar el cumplimiento de su *Resolución.*

En conclusión, resolvemos que el DACo estaba facultado para atender la Querella sobre la devolución de los dos mil dólares ($2,000) y el TPI tenía jurisdicción para atender la solicitud de orden presentada por esta agencia.

**-IV-**

Por los fundamentos antes expuestos, se confirma la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones